## Case No. 8,883.

### McLEAN v. JOHNSON et al.

[3 McLean. 202: [1] 1 West. Law J. 189.]

Circuit Court, D. Ohio. July Term, 1843.

BANKRUPTCY—INSOLVENCY—ASSIGNMENT—FRAUD—WHAT ASSIGNEE TAKES—DISTRIBUTION.

1. An assignment of all the property of a firm, in contemplation of a state of insolvency, is a fraud against the bankrupt act [of 1841 (5 Stat. 440)].

  [Cited in Perry v. Langley, Case No. 11,006; Globe Ins. Co. v. Cleveland Ins. Co., Id. 5,-486.]

2. Such transfer, within two months preceding the application for relief, is, of itself, strong ground of fraud.

3. If one of a firm apply for and obtain the benefit of the act, the firm being insolvent, the assignee takes all the effects of the firm.

  [Cited in Amsinck v. Bean, 22 Wall. (89 U. S.) 402.]

4. Relief having been given to the bankrupt, the property must be brought into the bankrupt court, that distribution be made as the law requires. As at present situated, the bankrupt court has no control over the property.

In bankruptcy.

Mr. McLean, for plaintiff.

Mr. How, for defendants.

OPINION OF THE COURT. This bill is filed by the plaintiff, as assignee of Aldrich, a bankrupt. He filed his petition for the benefit of the bankrupt law, on the 17th of December, 1842; and on the 13th of January ensuing he was declared a bankrupt. The facts agreed were, that the firm, consisting of Otis Aldrich, the above bankrupt, and William L. Aldrich, were insolvent and bankrupt at the time the petition was filed; that they had, on the 8th of December, 1842, assigned all their property, of every kind, to Samuel B. Pierre and William G. Pierre; and that their agents have in their possession a large amount of property which belonged to the late firm, consisting of goods, &c., amounting to about the sum of ten thousand dollars. The assignment was made in trust to sell the property, and distribute the proceeds, pro rata, among the creditors of the firm. Only nine days before the petition was filed, the assignment was executed. This, in itself, was an act of bankruptcy—as it was done in contemplation of a state of insolvency. The second section of the bankrupt act provides, "that all future payments, securities, conveyances, or transfers of property or agreements made or given by any bankrupt in contemplation of bankruptcy," &c.; "and all other payments, securities, conveyances, or transfers of property or agreements made or given by such bankrupt, in contemplation of bankruptcy, to any person or persons whatsoever, not being a bona fide creditor, or purchaser for a valuable consideration without notice, shall be deemed utterly void, and a fraud upon the act; and the assignee may claim the same," &c. The assignees were not creditors, and the fact that the assignment was made within two months preceding the application for relief, is, under the second section, if not in terms, impliedly fraudulent. The fourteenth section of the act provides, that the application for relief by one partner, the firm being insolvent, gives to the assignee the assets of the firm.

On the part of the defendants, it is insisted that, under the assignment, the same disposition of the property will be made, as directed by the bankrupt act; and that, as the assignment is not void, but only voidable, it can only be set aside by the creditors. That the creditors, or a greater part of them, are content with the disposition of the property; and that, as a matter of policy, debtors and creditors should not only be permitted, but encouraged to settle their own affairs. The bankrupt has asked and obtained relief under the law, and he must submit to all the provisions of the act. It is only upon the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

ground that the assignment shall be declared fraudulent, the property can be placed under the bankrupt court. The assignee appointed by that court, in all his acts, is under the immediate directions of that court, and he has given ample security for the faithful execution of the trust. The assignees may not carry out the trust, and for any failure in this respect, the creditors or the bankrupt would be obliged to ask the aid of a court of chancery. In this view it is important, and, indeed, indispensable that the property should be carried into the bankrupt court, that distribution of it may be made to the creditors of the firm, as the law requires.

If the creditors have consented to the assignment, why have they not executed releases to the firm?

A decree will be entered, declaring the voluntary assignment void, and setting it aside. Where the assets have been changed by the assignees, the present plaintiff may receive the money or other proceeds in lieu thereof.