AMERICAN AGRICULTURAL CHEMICAL CO. et al. v. BRINKLEY.

(Circuit Court of Appeals, Fourth Circuit. February 12, 1912.)

No. 1,060.

1. BANKRUPTCY (§ 68*)—BANKRUPT'S OCCUPATION—DETERMINATION.

In determining whether one sought to be adjudged an involuntary bankrupt is chiefly engaged in the exempt occupation of farming, all his pursuits must be considered as a whole, though he is merely a partner as to some of them.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 18, 86, 87; Dec. Dig. § 68.*]

2. BANKRUPTCY (§ 91*)—BANKRUPT'S OCCUPATION—EVIDENCE—SUFFICIENCY.

In an involuntary bankruptcy proceeding, evidence held to warrant a finding that the debtor was chiefly engaged in the exempt occupation of farming.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 137–139; Dec. Dig. § 91.*]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

Involuntary bankruptcy proceeding by the American Agricultural Chemical Company and others against W. H. Brinkley. From a decree denying an adjudication of bankruptcy, petitioners appeal. Affirmed.

James H. Corbitt, for appellants.

John N. Sebrell, Jr., and R. H. Rawles (E. E. Holland, on the brief), for appellee.

Before PRITCHARD, Circuit Judge, and DAYTON and ROSE, District Judges.

ROSE, District Judge. The appellants are creditors of the appellee. They will be called the creditors. He will be styled the debtor. They are asking to have him adjudicated an involuntary bankrupt. He resists the adjudication.

[1] There is only one question in the case. Was he at the time he committed the alleged act of bankruptcy chiefly engaged in farming? If he was not, it is admitted that an adjudication must be made. On this issue the court below decided in favor of the debtor. The creditors ask us to reverse that ruling.

The debtor was carrying on three country stores. By himself, or in partnership with others, he tilled five farms. He was a member of four distinct partnerships. Each of these cultivated a separate farm. In the conduct of one farm he had no associate. There is no question

that his mercantile business far exceeded in importance the agricultural operations conducted by him individually. This proceeding is against him as an individual. No one of the firms of which he was a member is a party to it. The creditors say that the so-called entity theory requires that, in determining whether the debtor was engaged chiefly in farming, we must exclude from consideration anything he did in connection with any of the partnerships. We cannot assent to this contention. Whether a debtor is or is not chiefly engaged in farming or tilling the soil is a question of fact, to be determined in each case in which it is sought to have him individually adjudicated. In passing upon that question, all the debtor's activities and pursuits must be considered as a whole. No part of them may be ignored merely because they concern themselves with the affairs of copartnerships of which he was a member. Doubtless a firm may be adjudicated an involuntary bankrupt when it is engaged in a nonexempt business, in spite of the fact that the principal occupation of some of its partners protects them from individual adjudication. Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654.

[2] Such is not the case before us. The creditors, however, insist that the evidence shows that the mercantile business of the debtor exceeded in importance all the agricultural operations in which he was engaged, whether severally or in copartnership with others. The case in this aspect is undoubtedly close. The learned judge below had the witnesses before him. He saw and heard them testify. He was of opinion that the debtor was chiefly engaged in farming. We do not see any sufficient reason for coming to a different conclusion.

Affirmed.