Mr. Justice CLIFFORD,
 

 having stated the case, delivered the opinion of the court.
 

 Waiving the first two errors assigned, the single question presented for decision is whether the complainant, as the assignee of the estate of an individual partner of a debtor copartnership, can maintain a suit to recover back monej
 
 *401
 
 previously paid to a creditor of the copartnership, upon the ground that the money was paid to such creditor in fraud of the other creditors of the firm and in fraud of the provisions of the Bankrupt Act.
 

 Assignees in bankruptcy of the estate of an insolvent co-partnership may, perhaps, maintain such a suit for such a claim, even though the money was paid by an individual partner under such an agreement to compromise hi3 separate debts, as the assignees in such a case are required to keep separate accounts of the joint stock or property of the copartnership and of the separate estate of each member of which the copartnership is composed; and the provision is that the net proceeds of the joint stock and property shall be appropriated to pay the creditors of the copartnership, and that the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors.
 

 None of the proceeds of the separate estate of the individual partners can be appropriatéd to pay the partnership debts, unless the proceeds from that source exceed what is necessary to pay the separate debts of the partner, nor can any part of the proceeds of the joint stock or property of the copartnership be appropriated to pay the separate debts of the individual partner, unless there is an excess from that source beyond what is required to pay the partnership debts.
 
 *
 

 These regulations show that, in cases where they apply, the assignees in bankruptcy of the joint stock and property of a copartnership are required to administer the separate estate of the individual members of the firm or company as well as the described estate of the copartnership, but the Bankrupt Act contains no regulations of a corresponding character applicable in a case where an individual member of a copartnership is adjudged a bankrupt without any such decree against the copartnership or the other partner or partners of which the copartnership is composed.
 

 Instead of that the Bankrupt Act provides that in all
 
 *402
 
 other respects the proceedings against partners shall be conducted in the like mauner as if they had been commenced and prosecuted against one person alone. Partners are not entitled in any ease to come in competition with the joint creditors upon the partnership funds, whatever may be the rights and equities which would otherwise attach between them and the bankrupt partner or partners.
 

 Where all the partners become bankrupt the general rule is that the separate estate of one partner shall not claim against the joint estate of the partnership in competition with the joiut creditors, nor shall the joint estate claim against the separate estate in competition with the separate creditors.
 
 *
 

 Doubt upon that subject cannot be entertained, and it is equally clear that a solveut partner cannot prove his own separate debt against the separate estate of the bankrupt partner, so as to come in competition with the joint creditors of the partnership, for the plain reason that he is himself liable to all the joint creditors, which is sufficient to show that in equity he cannot be permitted to claim any part of the funds of the bankrupt before all the creditors to whom he is liable are fully paid.
 
 †
 

 Neither can a solvent partner prove against the separate estate of the bankrupt partner in competition with the separate creditors of the bankrupt until all the joint creditors of the partnership are paid or fully indemnified, for if a dividend were reserved to such a party.on such proof the joint creditors might be injured by such solvent partner stopping the surplus of the separate estate, which would otherwise be carried over to the joint estate, or the separate creditors might be injured by the funds being stopped and the transmission of the same be delayed.
 
 ‡
 

 Two exceptions are admitted to that rule: (1.) Where
 
 *403
 
 the property of a partner has been fraudulently applied for the purposes of the partnership. (2.) Where a distinct trade is prosecuted by one or more of the members of the firm.
 
 *
 

 Subject to the preceding rules, as explained, the solvent partners retain their full right, power, and authority over the partnership property after bankruptcy, in the same manner and to the same extent as if no bankruptcy of a particular partner had occurred. Their lien also remains in full force, not only to have the partnership funds applied to the discharge of the partnership debts and liabilities, but also to the discharge of all the debts due by the partnership to them or any one of them, as well as for their own distributive shares, if any, in the surplus.
 
 †
 

 Debts due by the bankrupt partner to the partnership are entitled to priority in preference to the debts due by him to his separate creditors, and if the joint funds prove insufficient to discharge his debt to the partnership the solvent partners have a right to prove the deficiency against the separate estate of the bankrupt
 
 pari passu
 
 with the separate creditors.
 
 ‡
 

 Bankruptcy, it is said, when decreed by a competent tribunal, dissolves the copartnership, but the joint property remains in the hands of the solvent partner or partners, clothed with a trust to be applied by him or them to the discharge of the partnership obligations and to account to the bankrupt partner or his assignee for his share of the surplus.
 
 §
 

 Exceptions undoubtedly exist to that rule where it appears that the partnership or all the partners are insolvent, even though some of them may not be in bankruptcy.
 
 ||
 

 Assets are to be marshalled between the creditors of the
 
 *404
 
 copartnership and the separate creditors of the partners only when there are partnership assets and separate assets of individual partners, and proceedings have been instituted against the partnership and the individual members, as provided in the thirty-sixth section of the Bankrupt Act.
 
 *
 

 Certain exceptions also exist to that rule where both the joint and separate estates are administered by the assignees of the copartnership.
 
 †
 

 Many decided eases support the proposition that the bankruptcy of one partner operates as a dissolution of the copartnership, but such an adjudication obtained by one partner against another will not be sustained if the real object of the petitioner is to dissolve the firm and the adjudication is not required for any other purpose.
 
 ‡
 

 Involuntary proceedings in bankruptcy were instituted in this case against the senior partner of the copartnership, and it is conceded that no such proceedings have ever been commenced against the copartners or the other partner. Proofs were introduced to show that the other partner was largely indebted to the firm, and it may be conceded that the proofs are sufficient to show that the firm is insolvent, but there is nothing in the record to show that the complainant possesses any other authority to maintain the suit than what he derives by virtue of his appointment as assignee of the estate, real and personal, of the baukrupt senior partner of the co-partnership.
 

 Repeated decisions have settled the rule that an assignee of the estate of an individual partner has no such title as will enable him to call third parties to an account for partnership property, and it is difficult to see why that rule does not dispose of the case before the court.
 
 §
 

 All of the debts embraced in the compromise agreement
 
 *405
 
 were partnership debts and the payments made to procure the signature of the appellants were made to discharge those debts; nor is the question affected in the least by the fact that some small part of the fund used to make those payments was earned by the senior partner in transacting the business of the copartnership subsequent to the time when the firm suspended payment. Most of the amount, it is conceded, was taken from the partnership assets, and the whole was paid as being the money of the copartnership.
 

 Money paid under such circumstauees, if it can be recovered back at all, must be claimed by the partnership in whose behalf it was paid, or by an assignee duly appointed to administer the joint estate, as it is quite clear that neither an individual partner nor his assignee can call the party to whom such a payment has been made to an account for such a payment any more than he could for any other debt due to the copartnership. If liable in fact, a voluntary payment to the appellee would not discharge the obligation, as the liability, if it exists, is to another party; nor would a judgment in this case, even if satisfied, be a bar to a subsequent suit in the name of the partnership or their duly appointed assignees.
 

 Two principal suggestions are made in support of the theory set up by the appellees: (1.) That all the parties concerned in the attempt to effect a compromise between the debtors and their creditors proceeded as if the copartnership had previously been .dissolved and as if the assets and effects of the debtor firm had been placed in the hands of the senior partner in trust to settle up the affairs of the debtors with their creditors and to pay the compromise notes. (2.) That the other partner never assented to the compromise agreement nor was he in fact a party to the final arrangement, and that the copartnership name was signed to the compromise agreement and to the notes without his authority.
 

 Issuable matters are certainly involved in those propositions, but suppose they are fully proved, thej- are not sufficient to show that the other partner ever conveyed his
 
 *406
 
 interest in the assets and effects of the copartnership to the bankrupt partner, or that he ceased to be a joint owner of the same when the éstate of the bankrupt partner was assigned and conveyed to the complainant below as his assignee.
 
 *
 

 Nothing is exhibited in the'record to warrant the conclusion that the copartnership was ever in fact dissolved before the decree in bankruptcy against the senior partner, and as the compromise notes were given in the name of the copartnership, the other partner remained liable for their payment.
 

 Decree reversed and the cause remanded, with directions to
 

 Dismiss the bill of complaint.
 

 *
 

 14 Stat. at Large, 535.
 

 *
 

 McLean
 
 v.
 
 Johnson, 3 McLean, 202.
 

 †
 

 Emery
 
 v.
 
 Bank, 7 National Bankrupt Register, 217.
 

 ‡
 

 Story on Partnership, 406; Robson on Bankrupt (2d ed.), 621; Ex parte Lodge
 
 &
 
 Eendal, 1 Vesey, Jr., 166; Ex parte Maude, Law Reports,
 
 2
 
 Chancery Appeals, 555.
 

 *
 

 1 Deacon (3d ed.), 852.
 

 †
 

 Bump on Bankruptcy (7th ed.), 660; Collier on Partnership (3d Am. ed.),
 
 §
 
 860.
 

 ‡
 

 Bump on Bankruptcy (7th ed.), 220.
 

 §
 

 Ex parte Norcross, 5 Law Reporter, 124; Harvey
 
 v.
 
 Crickett, 5 Maule
 
 &
 
 Selwyn, 339.
 

 ||
 

 Ayer
 
 v.
 
 Brastow, 5 Law Reporter, 501; Murray
 
 v.
 
 Murray, 5 Johnson’s Chancery, 60; Barker
 
 v.
 
 Goodair, 11 Yesey, 86; Smith
 
 v.
 
 Stokes, 1 East, 367; Parker
 
 v.
 
 Muggridge, 2 Story, 348.
 

 *
 

 Ex parte Leland, 5 National Bankrupt Register, 222; Ex parte Downing, 1 Dillon, 36.
 

 †
 

 Ex parte Warren Leland, 5 National Bankrupt Register, 229.
 

 ‡
 

 Shelford on Bankruptcy (3d ed.), 186; Ex parte Christie, Montague & Bligh, 314; Ex parte Browne, 1 Rose, 151; Ex parte Johnson, 2 Montague, Deacon & De Gex, 678.
 

 §
 

 Bump on Bankruptcy, 660.
 

 *
 

 Harrison
 
 v.
 
 Sterry, 5 Oranch, 302.