DICKAS v. BARNES. CROZIER v. SAME. STOWELL v. SAME. BUSH v. SAME.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1905.)

Nos. 1,424–1,427.

1. BANKRUPTCY—PARTNERSHIP—JURISDICTION OVER PROPERTY OF PARTNER.
    A court of bankruptcy, which is administering the estate of a bankrupt partnership, has jurisdiction, as incidental thereto, to take possession of the property of a partner, although he has not been and could not be adjudged a bankrupt individually, and to administer the same as far as necessary to a settlement of the partnership estate.

2. SAME—APPELLATE JURISDICTION—MODE OF REVIEW.
    Orders made by a court of bankruptcy, requiring the members of a bankrupt partnership to schedule and surrender their individual property, are made in the course of the administration of the estate, and are a part of the proceeding in bankruptcy, reviewable only by petition for revision under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431].

    [Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

3. SAME—TREATING APPEAL AS PETITION FOR REVIEW.
    The remedies for reviewing matters in bankruptcy by appeal and petition for revision are mutually exclusive, and an appeal erroneously taken cannot be treated as a petition for review.

Appeals from the District Court of the United States for the Southern District of Ohio.

See 137 Fed. 958.

On January 1, 1904, the German-American Bank was adjudged bankrupt upon a petition of its creditors alleging that it was a partnership and had committed an act of bankruptcy by making a general assignment for the benefit of its creditors. The petition also alleged that the several partners composing the said partnership had participated in the making of said as-

140 F.—54

signment, and that some of them had made like assignments of their individual property for the payment of their individual debts. Of these some were dismissed by the court because they were held not to be partners; others were held to be partners and were adjudged bankrupt; and some, including the appellants, though held to be partners, were not adjudged bankrupt—Dickas and Crozier, because they had not committed any act of bankruptcy, Stowell because he was a wage earner, and Bush because he was a tiller of the soil. And it was "further ordered that all parties hereto found to be partners as aforesaid whether or not adjudged bankrupts shall each file with the referee as required by law his or her schedule of debts and inventory of properties in the same manner as if adjudged bankrupts." This order was made on January 3, 1905, and was complied with by these appellants. On February 25th the court made an order "that all of the parties heretofore and herein found to be partners, as aforesaid in the said bank, whether or not adjudged bankrupts, shall each and all file with the referee as required by law his or her schedule of debt, and inventory of property in the same manner as if adjudicated bankrupts, and the said parties shall likewise turn over the possession of all of their property real or personal to the trustee in bankruptcy heretofore herein chosen, who shall have the sole power to handle, sell and distribute the same all as directed by the referee in bankruptcy, and all to be administered the same as if the said parties, each of them, had been adjudged bankrupts." From this order the parties named appellants in the foregoing titles have severally appealed. Motions to dismiss the appeals were made by the appellee, the hearing of which was postponed by the court until the hearing of the merits.

A. J. Hess and Van Pelt, Dale & Ferneding, for appellants.
Van Deman, Burkhart & Shea, for appellee.

Before SEVERENS and RICHARDS, Circuit Judges, and COCHRAN, District Judge.

SEVERENS, Circuit Judge, having made the foregoing statement, delivered the opinion of the court.

As these appeals all rest upon substantially the same grounds, they were heard together and may be properly disposed of in one opinion. The motion to dismiss the appeals is founded on the character of the order, and that involves in one aspect the jurisdiction of the court in bankruptcy.

For the appellants it is contended that the court, having refused to declare them bankrupts, had no authority to treat them and their property as if they were bankrupts. Although there are several assignments of error on each appeal, they all rest on this contention. The argument is that, not being bankrupts, they are not subject to the jurisdiction of the bankruptcy court; that the refusal to declare them bankrupts put an end to the authority of the court to retain control of their property for the purpose of the bankruptcy proceeding; and it is complained that the court by its order in effect denied to them the immunity to which they were entitled by reason of the provisions of the bankruptcy act. By Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], wage earners and tillers of the soil are excepted from those who may be adjudged involuntary bankrupts. And for our present purpose we think the other appellants, who committed no act of bankruptcy, might be regarded as standing on the same footing as those who by reason of their occupation were exempt from an adjudication of bankruptcy. It may be conceded that but for the relation of these

parties to the partnership the contention they make would be supported by perfectly adequate reasons. But on account of that relation other conditions exist. One who combines with others in a partnership enterprise becomes bound for the payment of the partnership debts. As partner he shares the fortunes of the partnership. In certain circumstances it may become subject to the exercise of the powers of a court of bankruptcy, where its resources will be gathered in to satisfy the claims of creditors. One of those resources is the liability of the partner, for which his individual property stands charged. It is true that by virtue of the rule in equity, as well as in bankruptcy, for the marshaling and distribution of assets, his individual property is first applicable to the payment of his private debts, if there be any. The surplus then becomes assets for the payment of the partnership creditors. These consequences of partnership are not derived from the bankrupt act, but from the general law; and a partner is not relieved from them by his exemption from an adjudication of bankruptcy. If bankruptcy does not supervene, they would be worked out by a court of general jurisdiction, and the partner would be a party, a necessary party, to the record, so that his liability for the firm debts could be enforced. In the bankruptcy court the partner may be brought before the court for the same purposes. In order to reach his property for the payment of the firm debts, it must be ascertained what surplus there will be after paying his private debts. It is said, however, that this must be done in a state court. But however this might be, if he were a stranger, the partner is not to be regarded as a stranger, but as a party to the bankruptcy proceedings (Loveland on Bankruptcy [2d Ed.] 251, and cases in note 42); and the court had authority to take such proceedings as were necessary to ascertain what assets were available and to subject them to the requirements of the case before it. The appellants did not make objection to the order because the District Court was a court of federal jurisdiction, but because it erred in exercising it by depriving the appellants of their property. Besides all this, the appellants submitted to the jurisdiction of the District Court when they acquiesced in the order of January 3, 1905, and performed it.

It is not necessary for us now to determine what the final disposition to be made by the District Court of the individual assets of these appellants should be. The order says they are "all to be administered the same as if the said parties, and each of them, had been adjudged bankrupts." But this is indicative of a purpose, merely, to be carried out in future proceedings and orders, and does not now definitely order what the administration and distribution of these assets shall be. When the time comes for making orders directly controlling the assets in that behalf, the question suggested will be presented, and the court may be required to determine whether so much of the individual assets as may be sufficient to pay the individual debts shall be turned back to these several partners, or whether the court will itself in the bankruptcy proceeding attend to the payment of the individual debts. If, as we think, the court had jurisdiction and the assets of the partners were under the control of the court, it was a question whether actual possession by the trustee was necessary or convenient, and this was a question of discretion,

arising in the administration of the assets. It may be that its exercise would not be reviewed, but that would be a question relating to the merits of the order. If reviewable at all, we think it should be done on a petition for review, and not upon appeal. The reasons for this conclusion are fully stated in the opinion of this court in the case entitled In re Mueller, 135 Fed. 711, 68 C. C. A. 349, where Judge Lurton in delivering the opinion discussed the statutory provisions conferring appellate power upon the Circuit Courts of Appeals, and declared our conclusion to be that such orders of the bankruptcy court as relate merely to the administration of the estate are revisable on a petition for review under section 24b of the act (30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]), that such orders and decrees as are in the nature of independent suits and controversies arising in the course of bankruptcy proceedings are reviewable on appeal or writ of error, as the case may be, under section 24a, except that in the few cases specified in section 25a (cases withdrawn from those described in the general language of the preceding section 24) a remedy by appeal is given when promptly prosecuted. And our further conclusion was declared that the particular appellate remedies prescribed for the several classes of cases were so distinctly given as to preclude the court from employing in a given case any other remedy than the one specified for that case.

Counsel for the appellants requests that, if this appeal should be held to be a wrong remedy, we should allow the prayer for the allowance of an appeal to operate as a prayer for revision under section 24b. But this is an essentially different remedy, and provides for the review of decisions of questions of law only, and not of findings of fact as is done on appeal. For a time subsequent to the enactment of the bankrupt law, the courts had some difficulty in settling its construction in regard to the methods of reviewing the decrees and orders of the District Court in bankruptcy, and some decisions were made which might seem to countenance the idea that the methods prescribed by sections 24 and 25 were somewhat flexible, and might in some circumstances be employed interchangeably. But more recently the subject has been cleared, and the later decisions of the Supreme Court have made the construction of these sections plain. See especially Denver First National Bank v. Klug, 186 U. S. 202, 22 Sup. Ct. 899, 46 L. Ed. 1127; Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200; Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986. We are therefore constrained to refuse the request of counsel that we treat the prayer for appeal as a prayer for revision. Probably, however, the views we have indicated in discussing the motion to dismiss would be fatal to the petitioners on a petition for review; and, if so, no prejudice results from the choice of the wrong remedy.

The appeals will be dismissed, with costs to the appellee.