FRANCIS v. McNEAL.

(Circuit Court of Appeals, Third Circuit. March 7, 1911.)

No. 6 (1,363).

1. BANKRUPTCY (§ 149*)—PARTNERSHIP—ADJUDICATION AGAINST PARTNER.

Bankr. Act July 1, 1898, c. 541, § 5h, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), which provides that, "in the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners * * * shall settle the partnership business as expeditiously as its nature will permit and account for the interest of the partner or partners adjudged bankrupt," applies only to a case where less than all of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

186 F.—31

the members of a partnership, but not the partnership, have been adjudged bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. § 149.*]

2. BANKRUPTCY (§§ 54, 69, 149*)—PARTNERSHIP—EFFECT OF ADJUDICATION—ESTATES OF MEMBERS.

Under Bankr. Act July 1, 1898, c. 541, § 5, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), a partnership is a legal entity, which may be adjudged a bankrupt irrespective of an adjudication against any of its members: but in an involuntary proceeding, where the act of bankruptcy charged is one that involves insolvency of the partnership, there can be no adjudication against it, unless it and all its members are insolvent, and in such a case, though the adjudication be against the partnership only, or against the partnership and some, but not all, of its members, the estates of all the members are drawn into the proceeding for administration.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 54, 69, 149.*]

Petition for Review of Order of the District Court of the United States for the Eastern District of Pennsylvania.

In the matter of the Provident Investment Bureau, a partnership, bankrupt. On petition of Stanley Francis to revise an order of the District Court. Affirmed.

Henry J. Scott, for petitioner.

George Wharton Pepper, Robert M. Anderson, and Edgar J. Pershing, for respondent.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The partnership, trading under the name of Provident Investment Bureau, and two of its three members, have been adjudged bankrupts. The third member, Stanley Francis, who has not been adjudged bankrupt, brings this petition to revise in matter of law, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) an order of the District Court adjudging that his separate estate is subject to administration by the trustee of the bankrupt partnership, and directing him to deliver his property to the trustee for the purpose of such administration. The record of the proceedings in the District Court, brought up to this court, consist only of the petition of the trustee in bankruptcy for an order directing Francis to deliver his property to the trustee, the answer of Francis to that petition, the testimony taken, the opinion of the District Court, and the order now under review. (The appraisement of the individual property of Francis, made after the date of the order, and therefore not properly constituting a part of the record, we disregard.)

The trustee's petition avers that on March 31, 1905, a creditors' petition was filed against the partnership and all its members, alleging "that the individual respondents were partners in the said Provident Investment Bureau, that they were bankrupt individually and as a firm, and praying that they be adjudged to be bankrupts under the act of Congress." That such a creditors' petition was filed is admitted in the answer of Francis. Consequently, we must assume that the act of bankruptcy upon which the adjudication against the partnership

was made was one involving insolvency of the partnership. This assumption is supported, moreover, by the fact that it conclusively appears by the testimony of the trustee, which is not contradicted, that the partnership debts exceed $174,000, and are more than three times as great as all of the assets of the partnership and its three members.

Notwithstanding the insolvency of the partnership and all its members, Francis contends that, as he has not individually been adjudged a bankrupt, his estate cannot be administered in bankruptcy. The trustee, on the other hand, insists that, as the partnership and all its members are insolvent, the adjudication against the partnership draws into the proceeding the individual estate of each of its members.

The contested question is to be determined by a construction of section 5 of the bankruptcy act. That section has not been uniformly construed. It is settled, however, that a partnership is an entity which may be adjudged a bankrupt, irrespective of an adjudication of bankruptcy against any of its members. In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re Bertenshaw, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886; Mills v. J. H. Fisher & Co., 159 Fed. 897, 87 C. C. A. 77, 16 L. R. A. (N. S.) 656. Section 5 clearly authorizes such an adjudication. It also clearly provides for the administration of partnership and individual property by the trustee of a bankrupt partnership. Undoubtedly, in a case where a partnership and all its members have been adjudged bankrupts, the trustee of the partnership may administer the estates of the partnership and its members. And, as we read section 5, the trustee of a partnership which has been adjudged a bankrupt may, in certain cases to be hereafter mentioned, administer the estates of its unadjudicated members.

[1] We do not think subdivision "h" of the section applies to a case where a partnership has been adjudged a bankrupt. It applies only to a case where less than all of the members of a partnership, but not the partnership, have been so adjudged. It reads as follows:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

It has often been pointed out that section 5 differs materially from the provisions concerning partnership bankruptcies in the bankruptcy act of 1867. Under that act, the partnership was not an entity that could be separately adjudged a bankrupt. The assets of a partnership could be reached only through adjudications against all of its members as copartners. Where less than all of its members were adjudged bankrupts, the adjudication dissolved the partnership, and it became the duty of the unadjudicated members to settle the partnership business as expeditiously as possible, and to account for the bankrupt partners' shares. Amsinck v. Bean, 22 Wall. 395, 403, 22 L. Ed. 801. This equitable right of unadjudicated partners, in a case where the partnership is not adjudged a bankrupt, is preserved by subdivision "h" of section 5 of the present act. But the preceding subdivisions of the section deal with cases in which partnership entities, either with

or without their members, are adjudged bankrupts. If a partnership and all its members be adjudged bankrupts, the creditors of the partnership appoint the trustee, and he administers both the partnership and the individual properties. But how shall the subdivisions of section 5 preceding subdivision "h" be construed where a partnership and some, but not all, of its members are adjudged bankrupts? We think the entity doctrine of these subdivisions does not establish a rule of practice which, in cases of partnership insolvency, ignores the liability of each partner for all partnership debts. Their reasonable construction, as we view the matter, is that, if a partnership commits an act of bankruptcy involving insolvency, the assets of the partnership and of its members are brought into the bankruptcy administration, unless, possibly, in some exceptional cases, like In re L. Stein & Co., 127 Fed. 548, 62 C. C. A. 272, where one of the members was insane. A partnership cannot be adjudged a bankrupt, in an involuntary proceeding, unless it has committed an act of bankruptcy. If the act charged be one involving insolvency, since every partner is liable in solido for all the partnership debts, the adjudication against the partnership must be based on allegations and proof that the assets of its members, in excess of their individual debts, plus the assets of the partnership, are insufficient to pay the partnership debts. Otherwise there is no partnership insolvency, notwithstanding the entity doctrine. In re Blair (D. C.) 99 Fed. 76; Vaccaro v. Security Bank, 103 Fed. 436, 43 C. C. A. 279; Davis v. Stevens (D. C.) 104 Fed. 235; In re Forbes (D. C.) 128 Fed. 137; In re Perley & Hays (D. C.) 138 Fed. 927; Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654; Tumlin v. Bryan, 165 Fed. 166, 91 C. C. A. 200, 21 L. R. A. (N. S.) 960; Worrell v. Whitney (D. C.) 179 Fed. 1014. That doctrine furnishes a direct proceeding against the partnership as a legal entity, but it does not authorize an adjudication of bankruptcy against a partnership, where the act of bankruptcy charged is one involving insolvency, unless, as above stated, it is shown that there is an insufficiency of partnership and individual assets to pay the partnership debts. If a partnership is insolvent, in the sense above explained, all the assets of the partnership and its members are needed for the proper winding up of the partnership affairs.

We find nothing in the present bankruptcy act indicating a purpose on the part of Congress to make it less efficacious in winding up the affairs of a bankrupt partnership than was the act of 1867. All the provisions of section 36 of that act, except the one concerning the discharge of partners, are, in substance, reproduced in section 5 of the present act. Section 5 adds to those provisions subdivision "a," which is the foundation of the entity doctrine, and subdivision "h," above quoted. In Chemical Nat. Bank v. Meyer (D. C.) 92 Fed. 896, Judge Thomas said:

"It is considered that subdivision 'h' means that in case all the members of a partnership are not adjudged bankrupt, and the partnership itself has not committed an act of bankruptcy, and thereby becomes exposed to adjudication, the partnership property shall, at the option of the other partner or partners, be administered by them or in bankruptcy."

On appeal, the Circuit Court of Appeals of the Second Circuit (In re Meyer, 98 Fed. 978, 39 C. C. A. 370) adopted the same view, saying:

"The last provision [that is, subdivision "h"] applies to a proceeding by or against one partner, or any number less than all, and means that the bankruptcy of one partner shall not preclude the other from settling the partnership business, and, like those immediately preceding it, is merely declaratory of a recognized equitable principle of administration in bankruptcy."

The Circuit Court of Appeals of the Eighth Circuit, in the Bertenshaw Case, supra, refused to adopt this view, and held that:

"Where a partnership has committed an act of bankruptcy, and where it has been adjudged bankrupt, as well as where it has not, and one or more, but not all, of its members have been adjudged bankrupts, the partnership may not be administered in bankruptcy without the consent of the partner or partners who are not adjudged bankrupt."

The Bertenshaw Case was not founded on insolvency of the partnership or of its members. The act of bankruptcy there charged was an assignment by the partnership of its assets for the benefit of its creditors—an act of bankruptcy that does not necessarily involve insolvency. The adjudication expressly stated that it bound only the partnership assets. Whether, where the act of bankruptcy charged against a partnership is one that does not involve insolvency, an adjudication against the partnership only draws into the proceeding the individual assets of the unadjudicated members, may well be doubted. That question, however, is not now before us. But to hold that, because a partnership is an entity, it may be adjudged a bankrupt upon an act of bankruptcy involving insolvency, without regard to the solvency or insolvency of its individual members, and its assets taken in invitum out of the possession of its members, who may be perfectly solvent, and administered in bankruptcy, is giving to the entity doctrine a meaning which we think neither the language of section 5 nor the history of the legislation on this subject shows Congress intended.

[2] In our opinion, the subdivisions of section 5 preceding subdivision "h" mean that a partnership is a legal entity that may be adjudged a bankrupt, irrespective of an adjudication against any of its members; that it may be so adjudged either in a voluntary or an involuntary proceeding; that in an involuntary proceeding, where the act of bankruptcy charged does not involve insolvency of the partnership, and where there is an adjudication against the partnership only, probably nothing is involved but partnership assets; that in an involuntary proceeding, where the act of bankruptcy charged is one that does involve insolvency of the partnership, there can be no adjudication against the partnership, unless it and all its members are insolvent; and that in such a case, though the adjudication be against the partnership only, or against the partnership and some, but not all, of its members, the estates of all the members are drawn into the proceeding for administration. If section 5 be thus construed, a partnership, which has been adjudged a bankrupt on the ground that it has committed an act of bankruptcy involving insolvency, will be wound up in accordance with the equitable principles adopted by that section and by section 36 of the act of 1867. Under the act of 1867, every member of a bankrupt partnership was compelled to deliver his individual

property to the trustee of the partnership for administration. We find nothing in the present act that confers upon an unadjudicated member of a partnership, which has been adjudged a bankrupt on a ground involving insolvency, the right to withhold his individual property from such a trustee. Where a partner and his partnership have not been adjudged bankrupts, but his copartners have, subdivision "h" reserves to him, as already stated, the right to close up the partnership business. Ordinarily, there is no reason why a man whose copartners have been individually adjudged bankrupts, but whose partnership has not been so adjudged, should have the assets of the partnership taken out of his hands against his consent. If he fails to perform his duty in winding up the partnership business, and to account for the shares of his bankrupt copartners, or if he be insolvent, a court of equity may take hold of the business and administer it. Parker v. Muggridge, 2 Story, 334, Fed. Cas. No. 10,743; Amsinck v. Bean, supra; Murray v. Murray, 5 Johns. Ch. (N. Y.) 60.

The decision of this court in the Mercur Case, 122 Fed. 384, 58 C. C. A. 472, is not inconsistent with our present opinion. In that case the adjudications were against the members of the partnership as individuals. There was no adjudication against the partnership. We held, adopting the doctrine of Amsinck v. Bean, that the trustee of the estates of the individual members of the partnership did not represent the partnership. Here, holding, as we do, that where the act of bankruptcy charged against a partnership is one involving insolvency, there must be insolvency of the partnership and its members, the trustee of the partnership necessarily represents its members.

We accordingly conclude that, in the case in hand, it is the duty of Francis to deliver to the trustee of the bankrupt partnership his individual property. The order of the District Court, requiring such delivery, will therefore be affirmed, with costs.