In re R. F. DUKE & SON.

(District Court, N. D. Georgia. July 10, 1912.)

No. 3,109.

BANKRUPTCY (§ 69*)—ADJUDICATION—INDIVIDUAL PROPERTY OF PARTNER NOT ADJUDICATED.

> Where a partnership committed an act of bankruptcy, and the firm and all its members were insolvent, the estates of all the members were drawn into the proceeding for administration, though one of the partners was not subject to adjudication, because principally engaged in farming.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51–53; Dec. Dig. § 69.*]

In the matter of bankruptcy proceedings of R. F. Duke & Son. A report of a special master advising an adjudication in bankruptcy was filed, and the bankrupts bring exceptions. Report affirmed.

James J. Ragan, of Atlanta, Ga., and S. Holderness, of Carrollton, Ga., for petitioning creditors.

James Beall and Buford F. Boykin, both of Carrollton, Ga., for bankrupt.

NEWMAN, District Judge. This is an involuntary proceeding in bankruptcy. The alleged bankrupts first filed an answer and demanded a jury trial, according to section 19a of the bankruptcy law of 1898 (Act July 1, 1898, c. 540, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]). Subsequently they and counsel for petitioning creditors agreed on an order submitting the issues raised by their answer to Edgar Watkins, Esq., as special master; counsel for both parties consenting in writing to the order of reference. The special master heard the case and has made his report, finding that the bankrupts committed the acts of bankruptcy as alleged in the involuntary petition, and also that they were insolvent at the time

of the filing of the petition. The special master closes his report as follows:

"From the whole case I conclude and find that the acts of bankruptcy alleged in the petition were committed, the first act being joined in by the firm and each of the members thereof; the fraudulent conveyance being the act of R. F. Duke alone. I further find that R. F. Duke & Son, J. H. Duke, and R. F. Duke are insolvent. I further find that the firm of R. F. Duke & Son and J. H. Duke should be adjudged bankrupts; but I find that R. F. Duke cannot, because he is principally engaged in farming, be adjudicated an involuntary bankrupt, and that as to him the petition should be dismissed."

Just before this conclusion the special master, having found that R. F. Duke was principally engaged in farming and that he could not be adjudicated, in his individual capacity, as a bankrupt for that reason, proceeds as follows:

"This does not, however, prevent the firm and J. H. Duke from being adjudicated bankrupts. Francis v. McNeal, 186 Fed. 481, 485, 108 C. C. A. 459. Nor does it prevent the administration of the assets of the nonadjudicated partner. Francis v. McNeal, supra; Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654; In re Bertenshaw, 157 Fed. 363–378, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986; In re Lattimer [D. C.] 174 Fed. 824."

The special master served a draft of his report upon counsel on May 29, 1912, and gave notice that the report would be settled before him on June 3d. No exceptions were filed by the petitioning creditors, and it seems that counsel for the bankrupt gave notice that, if he desired to file any exceptions, he would file them later. Exceptions were filed by counsel for the bankrupt in the clerk's office on June 28, 1912.

The rule which has been followed in this district, requiring the master to certify a draft of his report and give counsel an opportunity to except before him, has been complied with, and counsel for petitioning creditors move to dismiss the exceptions filed in the clerk's office, because of failure to file the exceptions before the special master.

Without determining this, I have examined the report and the evidence, and am thoroughly satisfied that the report of the special master is sustained by the evidence, and that it is correct so far as legal questions are involved. The only doubt I had was as to bringing into the bankruptcy court for administration the property of R. F. Duke, who is not adjudicated. Notwithstanding there is some difference of opinion in the courts on the subject, I consider the case of Francis v. McNeal, cited above, decided by the Circuit Court of Appeals for the Third Circuit (186 Fed. 481–485, 108 C. C. A. 459), and reviewing all the previous cases, as an authority which should be followed. The conclusion of the court in that case, quoting the second headnote, is:

"Under Bankr. Act July 1, 1898, c. 541, § 5, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), a partnership is a legal entity, which may be adjudged a bankrupt irrespective of an adjudication against any of its members; but in an involuntary proceeding, where the act of bankruptcy charged is one that involves insolvency of the partnership, there can be no adjudication against it,

unless it and all its members are insolvent, and in such a case, though the adjudication be against the partnership only, or against the partnership and some, but not all, of its members, the estates of all the members are drawn into the proceeding for administration."

The attorneys in this case, with the approval of the court, selected a special master satisfactory to both, and by their consent in writing the case was referred to him. The written order of the court in the record shows the consent in writing of counsel for both the petitioning creditors and the bankrupt. The effect of the report of a master so selected by the parties on the facts is well understood. Any error in the report must be clear and manifest, at least, and I do not find it so here.

The report is affirmed, and the clerk is directed to enter an adjudication as to R. F. Duke & Son and J. H. Duke, but not as to R. F. Duke.