### In re SAMUELS & LESSER.

### Ex parte QUINN.

#### (District Court, S. D. New York. July 12, 1913.)

1. BANKRUPTCY (§ 69*)—PARTNERSHIP—UNDISCLOSED PARTNER—ADJUDICATION—INSOLVENCY—ADMINISTRATION OF ASSETS.

Since under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3419), a partnership is treated as in entity, which may be adjudged a bankrupt·if it has committed an act of bankruptcy, irrespective of any adjudication of the individual partners, and the adjudication of the firm will subject the separate estates of the partners, as well as the firm property, to administration in bankruptcy, where a firm has become a bankrupt, the individual assets of an undisclosed partner were subject to administration in the bankruptcy proceeding, without reference to whether he was insolvent or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51–53, 56; Dec. Dig. § 69.*]

2. BANKRUPTCY (§ 93*)—UNDISCLOSED PARTNERS—RELATION TO FIRM—JURY TRIAL.

On an application for administration of the personal assets of an alleged undisclosed partner of a bankrupt firm, he was not entitled to a jury trial of the issue whether he was in fact a partner.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 140; Dec. Dig. § 93.*]

3. BANKRUPTCY (§ 69*)—PARTNERSHIP—INDIVIDUAL ASSETS OF PARTNER.

The only remedy of a partner of a bankrupt firm to prevent administration of his personal-estate in bankruptcy proceedings against the firm is to pay off the firm creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51–53, 56; Dec. Dig. § 69.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Samuels & Lesser. Petition by Edward F. Quinn directing an undisclosed partner of the firm to file a schedule of his individual assets and liabilities. Granted.

This is a petition by a creditor, in which the trustee joins, for an order directing a partner to file a schedule of his individual assets and liabilities preparatory to administering his estate in this court. A petition was filed against the two bankrupt partners, and they were adjudicated, both individually and as a firm. In the course of the proceedings the testimony disclosed the possibility of a third undisclosed member of the firm, one Valentine, who had never been joined in the proceedings, and therefore, of course, had never been adjudicated.

Grenville M. Clark, of New York City, for petitioner.
Irving M. Dittenhoefer, of New York City, for trustee.
J. Charles Weschler, of New York City, for Valentine.

HAND, District Judge (after stating the facts as above). [1] This motion presents a question which has been much contested in the books; i. e., may a court of bankruptcy draw to itself for administration the estate of a partner, not adjudicated, as part of the administration of the firm bankruptcy? In this case two partners and the bankrupt firm have been adjudicated, but Valentine never has. The greater

number of authorities appear to be in favor of the motion, but there is a strong decision to the contrary in the Eighth circuit, by a divided vote. In re Bertenshaw, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986.

The law has taken its rise from what was certainly an obiter remark of Judge Wallace in Re Meyer, 98 Fed. 976, 979, 39 C. C. A. 368, which affirmed Judge Thomas in the same case (D. C.) 92 Fed. 896. That remark was the basis of a decision of Judge McPherson, in Re Stokes (D. C.) 106 Fed. 312, and it was followed by Judge Severens, for the Sixth circuit, in Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654, although the actual decision went off on a question of appeal. It was likewise a basis of the decision of Judge Holland in Re Lattimer (D. C.) 174 Fed. 825, which was affirmed in an elaborate opinion by Judge Lanning, for the Third circuit, in Francis v. McNeal, 186 Fed. 481, 108 C. C. A. 459. The doctrine in that case was limited to a case where the firm adjudication involved the insolvency of the partnership; the theory being that the firm could not be insolvent unless the partners were also insolvent, under the rule in Re Blair (D. C.) 99 Fed. 76, Vaccaro v. Security Bank, 103 Fed. 436, 43 C. C. A. 279, and other cases. It was the basis also, of Judge Hook's dissent in Re Bertenshaw, supra. Judge Quarles, in Re Junck & Balthazard (D. C.) 169 Fed. 481, ruled in the same way, as did Judge Lanning in Re Ceballos & Co. (D. C.) 161 Fed. 445. In Re Kaufman, 176 Fed. 96, 99 C. C. A. 107, in our own Circuit Court of Appeals, expressly reserved this question from the decision, and, so far as it bears upon the question at all, favors the rule in Re Meyer, supra. I have found nothing to the contrary, unless it be In Re Solomon (D. C.) 163 Fed. 140, where Judge Chatfield ruled that the partner should administer the estate, yet file schedules in this court. I do not understand that he did not think In re Meyer controlling.

On principle the entity theory forbids considering the solvency of the partners, in determining the firm adjudication. They are guarantors of the firm's solvency, and though they may have to pay the whole deficiency of the firm debts, they still have a right against the firm. While from the point of view of the creditors the partner's liability is an asset, the firm books would show it as a liability of the firm to the contributing partners. It is only when the firm entity is forgotten that the partner's liability may be regarded as a firm asset. If the firm be regarded as an individual for a moment the thing is plain. Suppose that A. guarantees all of B.'s debts and B. then becomes bankrupt. From the point of view of the creditors the claim against A. is an asset, and it might be thought that A.'s insolvency was a necessary condition of B.'s bankruptcy. However, this is not true, because, though A. could not prove in competition with any of the creditors against B.'s estate, having guaranteed all equally, still he would have a claim in case he took up all the debts, or in case he paid the deficiency after the assets were exhausted. Precisely the same relations exist between the firm and the partners.

If this be so, then it follows that the separate estates should not

be drawn into bankruptcy administration without separate adjudication. The firm as an entity may be solvent or insolvent, as its assets are sufficient, and the deficiency which the partners will have to pay will be great or small according to this insufficiency. That deficiency is an individual liability of the partners, and under any adequate grasp of the entity theory ought to be a provable claim against the separate estate, though, of course, the law has been settled to the contrary for 100 years, unless section 5g may some day be held to effect the more consistent rule. In determining the partner's solvency, that liability would, of course, be reckoned, even though under the law the individual debts are preferred claims, and his solvency would depend upon whether his estate can answer all these debts. It seems to me obvious justice that his whole separate estate ought not to be drawn into the bankruptcy court for administration unless that be true; and so far, indeed, Judge Lanning felt bound to go in Francis v. McNeal, supra, to avoid unjust results.

But, though the worst aspect of the doctrine would be relieved by its limitation to cases where the partner was individually insolvent, it is none the less always obnoxious in principle, since the partner's estate ought not to be drawn into bankruptcy at all unless he has committed an act of bankruptcy. It is true that he avoids the stigma of the name, but there may be more concerned than that to his creditors. For instance, does the administration of the separate estate presuppose that the firm acts of bankruptcy invalidate execution liens of the individual creditors? If not, the bankruptcy court will administer the separate estate, without regard to section 67c or 67f. If, on the other hand, the firm acts of bankruptcy do affect the status of the individual creditors, it is a clear anomaly under the law. Suppose, for instance, that on January 1st the first made a fraudulent transfer of which an insolvent partner is innocent, and that on April 15th a petition is filed against the firm. Suppose that on December 20th an individual creditor of the innocent, but insolvent, partner had levied on his goods, and that the application to administer his separate assets in this court is made on May 25th. Does the petition against the firm invalidate the lien of the execution? I confess I cannot see upon what principles; yet, if not, does the date of the application to administer the separate assets control, though no petition be filed against him, and though he has committed no act of bankruptcy?

Again, under Judge Lanning's qualification of the rule, how can we treat a case like this? The firm is insolvent, but we do not know whether or not Valentine can meet all the obligations, if he turn out to be a partner. Suppose he can; then this application must fail. In such a case, may the firm adjudication itself be opened upon the newly discovered evidence that the firm after all is solvent?

It is said that general order No. 8 (89 Fed. vi, 32 C. C. A. xi) controls, but that is by no means clear. The order was copied from one drawn under Act March 2, 1867, c. 176, 14 Stat. 517, which did not recognize the firm entity, and it does not assume the possibility of a firm adjudication without an adjudication against the partners separately. As applied to the present act, it, of course, may bear the in-

terpretation put on it by the doctrine in question; but it may equally well be limited to cases where the objecting partner is separately adjudicated along with the firm, which was the case contemplated under the old act. As to section 5h, I agree that it may not mean that the unadjudged partner shall administer the firm assets if the firm be adjudged; that would be a strange result. The more reasonable interpretation is that, while a separate bankruptcy may dissolve the firm, the solvent partners may wind it up, just as used to be the law. Amsinck v. Bean, 22 Wall. 395, 403, 22 L. Ed. 801. But all this is of no consequence anyway, because I cannot see what section 5h has to do with the question here at bar. The question is, not whether the unadjudged partner shall administer the firm assets, but whether his own assets shall be brought to this court. One question has absolutely nothing to do with the other.

The whole subject of partnership has undoubtedly always been exceedingly confused, simply because our law has failed to recognize that partners are not merely joint debtors. It could be straightened out into great simplicity, and in accordance with business usages and business understanding, if the entity of the firm, though a fiction, were consistently recognized and enforced. Like the concept of a corporation, it is for many purposes a device of the utmost value in clarifying ideas and in making easy the solution of legal relations. It would, moreover, avoid what must appear to every unsophisticated person the very grave injustice of seizing the separate estate of a man who has committed no act of bankruptcy, or who may even be solvent, and administering it in this court. Nevertheless, the law was too well fixed until 1898 to allow a change, at which time the present act gave an opportunity to construe the law in accordance with principle. Yet I cannot disregard the language of In re Meyer, supra, even though it was obiter in the case there at bar. It was probably intended as a direction for the future conduct of that very case, and as such it was perhaps followed. Nor do I think that Judge Lanning's distinction ought to be followed, though it would somewhat mend the hardship of the rule.

[2, 3] Therefore the only question open is whether Valentine was in fact a partner at the time of the petition. Upon that he is not entitled to a jury, as I understand the theory, because, although this court administers his estate, it does not declare him a bankrupt, and need not even find him insolvent. His only recourse, if he would escape such administration, is to pay off the firm creditors.

A reference is therefore ordered upon this question.