### In re LENOIR-CROSS & CO.

(District Court, E. D. Tennessee, N. D. July 20, 1915.)

No. 1604.

1. BANKRUPTCY ☞51—PARTNERSHIPS—ADJUDICATION OF PARTNERS AS INDIVIDUALS—PETITION.

    A petition in bankruptcy, following the official form for a partnership petition, and praying merely that the firm may be adjudged a bankrupt, does not authorize the court to adjudge the partners bankrupt, and where an adjudication is desired of the petitioning partners as individuals, as well as the firm, the petition should at least pray therefor.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig. ☞51.]

2. BANKRUPTCY ☞51—PARTNERSHIPS—ADJUDICATION OF PARTNERS AS INDIVIDUALS—PETITION.

    Where a petition in bankruptcy by two of three partners prayed that the firm be adjudged a bankrupt, but did not allege that the non-joining partner had committed any act of bankruptcy individually, there was no ground for adjudging him a bankrupt.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig. ☞51.]

---

3. Bankruptcy &#9901;&#10148;49—Petition—Issues.

 Where a partner,. not joining in a petition by copartners praying that the firm be adjudged a bankrupt, appeared and admitted the allegations of the petition, and insisted that he had paid to all creditors his part of the firm debts, and had been released by them from liability, the questions raised by him would arise in the first instance before the referee under order of reference entered on the adjudication of the bankruptcy of the firm.

 [Ed. Note.—For other. cases, see Bankruptcy, Dec. Dig. &#9901;&#10148;49.]

In Bankruptcy. In the matter of Lenoir-Cross & Co., alleged bankrupt. Decree adjudicating the bankruptcy of the firm without prejudice rendered.

Jno. A. Duncan, of Lenoir City, Tenn., and S. P. Dannel, of Loudon, Tenn., for bankrupts.

SANFORD, District Judge. The petition in bankruptcy was filed by Hugh Cross and Rufus Lenoir, alleging that they and one Will Lenoir had been partners under the firm name of Lenoir-Cross & Co. The petition follows official form No. 2 for a partnership petition, and prays merely, in accordance with said form, that the said firm may be adjudged bankrupt. Notice of the filing of said petition was given to Will Lenoir, in accordance with the 8th General Order in Bankruptcy, and he has appeared and filed an answer in which he admits the allegations of the petition, but insists that he has paid to all creditors one-third of the firm debts and has been released by them from liability, and that he should not be declared a bankrupt or required to participate in the bankruptcy proceedings.

In this state of the record it is entirely clear that the petitioners are entitled to an adjudication of the firm as a bankrupt.

[1] I am of opinion, however, that there is no prayer.in the petition for an adjudication of the petitioners individually, and that the adjudication should hence be limited to that of the firm. The prevailing opinion appears to be that official form No. 2 is not to be literally followed where an adjudication is desired of the petitioning partners as individuals as well as the firm, but that in such case there should at least be inserted in. the prayer of the petition a request for an adjudication of the petitioning partners as well as of the firm. Coll. Bank'cy. (10th Ed.) 157; Hagar & Alex. Bank'cy Forms, p. 23. And see Re Wing Wick (D. C.) 13 Am. Bank. Rep. 757.

[2, 3] As there is no allegation of. any act of bankruptcy committed by Will Lenoir individually, there is obviously no ground for adjudicating him a bankrupt. However, it appears generally that upon an adjudication of bankruptcy against a firm the non-joining partner may be required to file a schedule of his debts and an inventory of his property, in accordance with the concluding clause of the 8th General Order in Bankruptcy. And see, generally, as to the administration of the assets of a non-joining partner: Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029; Vaccaro v. Security Bank (6th Circ.) 103 Fed. 436, 43 C. C. A. 279; Dickas v. Barnes (6th Circ.) 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654;

&#9901;&#10148;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Francis v. McNeal (3d Circ.) 186 Fed. 481, 108 C. C. A. 459; Armstrong v. Fisher (8th Circ.) 224 Fed. 97, —— C. C. A. ——; In re Mayer (D. C.) 98 Fed. 839; and In re Stokes (D. C.) 106 Fed. 312: In re Bertenshaw (8th Circ.) 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986, being, in effect, overruled by Armstrong v. Fisher (8th Circ.) supra. To what extent, if any, the effect of this general provision would be avoided by proof of the matters alleged in the answer of Will Lenoir, or to what extent, if any, his individual assets would, under the circumstances, be liable for the firm debts, is not now before me, and, is not determined. These questions will arise, in the first instance, before the referee, under the order of reference entered upon the adjudication of the bankruptcy of the firm.

A decree will accordingly be entered adjudicating the bankruptcy of the firm. The entry of such decree will, however, be without prejudice to the right of the petitioners to apply for leave to amend the petition, so as to pray also for their own individual adjudications in bankruptcy, if they so desire.