## In re RUSSELL et al.

(District Court, D. Delaware.   July 20, 1925.)

### No. 549.

1. **Bankruptcy ⬤=81(1)—Involuntary petition must allege insolvency at time of filing.**

   Under Bankr. Act, § 3 (Comp. St. § 9587), the insolvency of an alleged bankrupt at the time of the filing of an involuntary petition against him is an indispensable condition to his adjudication, and a petition which alleges acts of bankruptcy while insolvent, but fails to allege insolvency at time of filing petition, is insufficient.

2. **Bankruptcy ⬤=81(1)—Petition against partnership and members must allege insolvency of partners.**

   An involuntary petition, filed against a partnership and its members, must allege, not only insolvency of the partnership, but also of the partners at time of filing petition.

In Bankruptcy. In the matter of William Thomas Russell and John Davis Merrill, partners trading as the Diamond State Products Company, alleged bankrupts. On motion to dismiss petition. Motion granted.

George W. Lilly, of Wilmington, Del., for petitioning creditors.

Ayres J. Stockley, of Wilmington, Del., for bankrupts.

MORRIS, District Judge. The motion to dismiss the involuntary petition in bankruptcy, filed June 24th last, against Diamond State Products Company, a partnership, and its two members, William Thomas Russell and John Davis Merrill, assigns for its reason "that the said petition contains no allegation of the insolvency of the part-

ners individually, nor any allegation that the assets of the same combined with the assets of the members in excess of individual debts are insufficient to pay the partnership debts." Two acts of bankruptcy are alleged in the petition. The first is that, within four months next preceding the filing of the petition, one of the partners filed in the Court of Chancery of the state of Delaware his bill of complaint against the remaining partner, wherein it was prayed that a receiver be appointed for the partnership, and that thereafter the defendant entered into a stipulation with the plaintiff upon which a receiver for the partnership was appointed by the Chancellor. The second act of bankruptcy alleged is that the two copartners, "while insolvent," did on the 9th day of June last "consent to the appointment of a receiver for the assets of the said partnership," upon a petition filed therefor in the state of Maryland, and that thereupon a receiver for the assets of the partnership was appointed. The petition in bankruptcy alleges that the partnership "is insolvent," but makes no similar allegation with respect to the individual partners. Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, Id., 186 F. 481, 108 C. C. A. 459 (C. C. A. 3), In re Kobre, 224 F. 106, 139 C. C. A. 660, and In re Griffith (D. C. Del.) 280 F. 878, are cited in support of the motion to dismiss.

[1] The petitioners contend (1) that in those cases the insolvency element in the acts of bankruptcy alleged was not admitted, and that the acts of bankruptcy as set forth in the pending petition eliminate the element of insolvency and establish it as an incontrovertible fact; and (2) that, where the act of bankruptcy alleged is that, because of insolvency, a receiver has been put in charge of the property of defendants, it is not necessary further to allege that the defendants were in fact then actually insolvent. I think both of these contentions overlook section 3 of the Bankruptcy Act (Comp. St. § 9587), which provides in part:

"a Acts of bankruptcy by a person shall consist of his having * * * (4) made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States. * *

"b A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act."

[2] Whatever may be the particular act of bankruptcy, among those enumerated in subsection 4 of paragraph (a) of section 3 of the Bankruptcy Act, relied upon and alleged, paragraph (b) of that section makes insolvency of the alleged involuntary bankrupt at the time of the filing of the petition in bankruptcy an indispensable condition precedent to a decree adjudging such person a bankrupt. It is obvious too that insolvency is an indispensable element in some of the acts of bankruptcy enumerated in that subsection. Thus it is seen that insolvency of the bankrupt at two different periods may be essential to support a decree adjudging such person a bankrupt. The first contention of the petitioners, as I understand it, has to do only with the insolvency of the alleged bankrupts at the time of the commission of the act of bankruptcy. The second contention merely asserts that the actual insolvency of the alleged bankrupts at the time of the commission of the act of bankruptcy is, by reason of the nature of that act, an immaterial fact. Neither contention attempts to point out any allegation in the petition showing insolvency of the copartners at the time the petition was filed. The law of this district and circuit is that a petition lacking such an allegation is insufficient. Francis v. McNeal, 186 F. 481, 108 C. C. A. 459; In re Griffith (D. C.) 280 F. 878.

For want of such an allegation, the motion to dismiss must be sustained, unless the defects in the petition be cured by amendment within fifteen days from the date hereof.