267 F.2d 302
 SUPERIOR MANUFACTURING CORPORATION, Appellant,
v.
HESSLER, MANUFACTURING COMPANY; M. L. Foss, Inc.; and Howe Machine & Supply Company, Appellees.
In the Matter of the Superior Manufacturing Corporation, Bankrupt.
 No. 6011.
 United States Court of Appeals Tenth Circuit.
 May 26, 1959.
 Rehearing Denied June 23, 1959.
 
 Alice Loveland, Denver, Colo., for appellant.
 Edward Philip Kurz and Morris Rifkin, Denver, Colo., for appellees.
 Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 On September 11, 1957, appellees, as creditors of The Superior Manufacturing Corporation, filed in the District Court (Colorado) a petition in involuntary bankruptcy seeking the adjudication of the named company as bankrupt. In paragraph seven of the petition the following allegation was contained:
 
 
 2
 "7. That the Debtor has committed an act of bankruptcy in that the said Debtor has preferred the claim of one of its Creditors, namely, Thomas K. Hudson, who is also an Officer and Director of said corporation by turning over to the said Thomas K. Hudson all of the stock, fixtures, furnishings, equipment and patent rights concerning the popcorn machine owned by the said Debtor in consideration of the cancellation of an alleged obligation of the corporation to the said Thomas K. Hudson in the sum of approximately One Hundred Thousand and no/100 ($100,000.00) Dollars. That the Petitioners have no other adequate remedy other than the Bankruptcy Act and therefore Petitions this Court as hereinafter set forth."
 
 
 3
 To this petition Superior Manufacturing Corporation filed a motion to dismiss upon the grounds that "it appears from the petition that this Court has no jurisdiction in the premises, because said petition does not alledge (sic) and state an act of bankruptcy, sufficient to adjudicate the respondent a bankrupt."
 
 
 4
 Since a preferential transfer to constitute an act of bankruptcy must occur within four months before the filing of involuntary proceedings against an alleged bankrupt, the referee dismissed appellees' petition as jurisdictionally defective in failing to allege such an occurrence. 11 U.S.C.A. § 21, subs. a, b; 11 U.S.C.A. § 96, sub. a; Bryan v. Welch, 10 Cir., 74 F.2d 964; Northwestern Pulp & Paper Co. v. Finish Luth Book Concern, 9 Cir., 51 F.2d 340; Curtis v. Dade County Security Co., 5 Cir., 30 F.2d 325; In re Russell, D.C.Del., 7 F.2d 508. Leave to amend within ten days was allowed and the debtor was granted five days thereafter to respond. On October 21, 1957, (the tenth day after the entry of the referee's order) appellees as petitioning creditors filed a petition in form and substance in practical identity with the initial pleading except that paragraph seven was changed to read thus:
 
 
 5
 "7. That the Debtor has committed an act of bankruptcy in that the said Debtor within four months of the filing of this Petition, to-wit, on the 16th day of May, 1957, while insolvent has preferred the claim of one of its Creditors, namely, Thomas K. Hudson, who is also an Officer and Director of said corporation by turning over to the said Thomas K. Hudson or for his benefit all of the stock, fixtures, furnishings, equipment and patent rights concerning the popcorn machine owned by the said Debtor and of the value of over $32,000.00 in consideration of the cancellation of an alleged unsecured obligation of the corporation to the said Thomas K. Hudson in the sum of approximately One Hundred Thousand and no/100 ($100,000.00) Dollars on account of an alleged antecedent debt in the amount of between Ninety Thousand and no/100 ($90,000.00) and One Hundred Thousand and no/100 ($100,000.00) Dollars. The effect of which transfer will be to enable the said Thomas K. Hudson to obtain approximately thirty (30%) per cent to thirty-three and one-third (33 1/3%) per cent of his debt, while the other creditors of the same class will receive nothing or much less than the above percentage. That at said time and place, and while the said Debtor was insolvent, the said Debtor did make the said conveyance as above set forth to the said Thomas K. Hudson or for his benefit of the aforesaid assets of the Debtor with the intention of allowing and permitting the said Thomas K. Hudson to receive a preferance (sic) over Creditors of the same class as herein set forth. That the Petitioners have no other adequate remedy other then (sic) the Bankruptcy Act and therefore Petions this Court as hereinafter set forth."
 
 
 6
 On October 31, 1957, the referee adjudicated Superior Manufacturing Corporation a bankrupt and upon that same date Superior tendered for filing a motion to dismiss. The tender was refused by the referee as untimely and in further proceedings the debtor was refused leave to file an answer and a motion to vacate the adjudication was denied. In subsequent review by the District Court all the orders of the referee were affirmed. Such ruling upheld the sufficiency of the petition as against the contention that it failed to allege an act of bankruptcy and further held that the referee did not abuse his discretion in refusing to permit Superior to file an answer. The debtor, now appellant, specifies each aspect of the District Court's order as error requiring reversal of its judgment.
 
 
 7
 It will be noted that in the petition filed October 21, 1957, an act of bankruptcy is alleged to have occurred on May 16, 1957, a period in excess of four months prior to the filing date but within four months of the date of the filing of the first and defective petition of September 11. Appellant contends that the second petition is also defective because it is not an amendment to the original petition and further, even if construed as an amended pleading, the amendment does not relate back to the date of original filing. We find no merit to either contention.
 
 
 8
 An amended pleading is one which clarifies or amplifies a cause of action which can be identified with certainty as the same cause of action originally pleaded or attempted to be pleaded. It is a perfection of an original pleading rather than the establishment of a new cause of action. And the imperfect pleading of jurisdictional facts does not deprive the court of jurisdiction as of the time the action is filed, if such defect is later corrected. Stern v. Beer, 6 Cir., 200 F.2d 794. Such an amendment is proper. Ward Baking Co. v. Holtzoff, 2 Cir., 164 F.2d 34; Bixby v. First National Bank of Elwood, 7 Cir., 250 F.2d 713. Of course the intention of the bankruptcy act cannot be defeated by the filing of a skeleton petition complying with statutory requirements pleaded as generalities and then later amended to supply requisite particulars. The essential claim must be capable of determination in the original pleading and continued in the amended pleading. The most casual comparison of the allegations contained in paragraphs 7 of the two pleadings show that the pleader has intended and has accomplished an amendment clarifying and perfecting a single claim.
 
 
 9
 General Order 37, 11 U.S.C.A. following § 53 makes Rule 15(c), Federal Rules of Civil Procedure, 28 U.S.C.A., applicable to matters in bankruptcy and completely negatives appellant's contention that the amended petition does not relate back to the date of original filing. The rule provides:
 
 
 10
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."
 
 
 11
 We conclude, as did the referee and District Court, that appellees' second petition is an amended pleading to be considered as relating back to the date of original filing, September 11, 1957, and consequently alleges an act of bankruptcy. Having so concluded, it follows that appellant's motion to dismiss and answer, both of which attacked the sufficiency of the second petition, would have availed it nothing even had it been filed within time. The referee held extensive hearings on the motion to vacate the adjudication in bankruptcy and nothing in the record indicates appellant could have made an effective defense upon the merits. Under such circumstances, no abuse of discretion appears.
 
 
 12
 Much of appellant's brief is directed to a claim that the order of the referee setting the time within which appellant could respond to the amended petition was in fact ten days rather than five as appears in the record. Such an argument cannot be presented to this court. The record of the District Court cannot be impeached upon appeal, and if in error, must be corrected in the District Court. Rule 75(h), Federal Rules of Civil Procedure.
 
 
 13
 Affirmed.