WESTERN UNION TELEGRAPH CO. v. ATLANTA & W. P. R. CO.

(Circuit Court of Appeals, Fifth Circuit. January 2, 1917.)

No. 2850.

COURTS ⊙═347—EQUITY RULES—PLEADING—AMENDMENT.

Where a bill to restrain a railroad company from removing the line of a telegraph company from its right of way claimed that the telegraph company had an irrevocable, perpetual easement to maintain its line, but the only facts alleged in the bill showing that the telegraph company's rights were under contracts for a limited period which had expired, plaintiff will be given an opportunity to amend its bill under equity rules 19 and 20 (198 Fed. xxiii, xxiv, 115 C. C. A. xxiii, xxiv), providing for amendments in furtherance of justice and for more specific statements of

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the nature of claims, so as to set forth the facts which are the basis of its claim of a perpetual easement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ☞347.]

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Action by the Western Union Telegraph Company against the Atlanta & West Point Railroad Company. Decree dismissing the bill (227 Fed. 465), and plaintiff appeals. Decree modified, by making the order of dismissal conditional upon plaintiff's failure to amend its bill within the time allowed, and, as modified, affirmed.

William L. Clay, of Savannah, Ga., for appellant.

R. E. Steiner and Leon Weil, both of Montgomery, Ala., and Sanders McDaniel, of Atlanta, Ga., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The claim was made by the bill in this case that the appellant, which was the plaintiff in that bill, at the time the suit was brought, was seised and possessed of irrevocable, perpetual, assignable easements or rights for the construction, maintenance, and operation of telegraph lines, and for the conduct of a telegraph business upon, along, or over specified railroad rights of way and other properties of the defendant railroad company. It appears to us that the facts and circumstances averred in the bill do not show the existence of the asserted rights or easements. There are no averments of facts which are inconsistent with a presumption, which, not being rebutted, may be indulged, that the alleged former occupation and use by the plaintiff, or any predecessor to whose rights it has succeeded, of the whole or any part of the railroad rights of way or other properties of the defendant were under contracts or arrangements for such use and occupation for limited periods of time, which had expired prior to the date of the filing of the bill, and that at that time the plaintiff was without right to continue such use or occupation. See Western Union Telegraph Company v. Louisville & Nashville Railroad Co., 238 Fed. 26, —— C. C. A. —— (U. S. Circuit Court of Appeals, 5th Circuit, present term), and the opinion of Judge Newman in the pending case (Western Union Telegraph Co. v. Atlanta & W. P. R. Co. [D. C.] 227 Fed. 465). The bill as it was framed was rendered substantially defective by its failure to state facts relied on to support the claims made. It may be that facts exist which are sufficient to support such claims in whole or in part. If so, no harm would result, and it appears probable that it would be in furtherance of justice, to afford to the plaintiff the opportunity to disclose such facts by granting leave to it to amend its bill by making a better statement of the nature of its claim. Equity rules 19 and 20 (198 Fed. xxiii, xxiv, 115 C. C. A. xxiii, xxiv).

Therefore the decree appealed from will be modified, by adding thereto an order that the appellant have leave to amend its bill of complaint, as it may be advised, within 30 days after the date of the

filing in the District Court of the mandate of this court, and by making the order for the dismissal of the bill conditional upon the plaintiff's failure to amend its bill within the time allowed. As so modified, the decree appealed from is affirmed; the court costs of the suit to be taxed against the appellant.