## In re GRIFFITH et al.

(District Court, D. Delaware.   March 21, 1922.)

No. 410.

Bankruptcy ⬅️➡️81(1)—Petition against partnership for insolvency must allege insufficiency of firm and individual assets to pay firm debts.

A petition praying that a partnership, but not its members, be adjudged a bankrupt because of the insolvency of the firm, which does not allege either that the members of the partnership are insolvent or that firm assets, combined with the assets of the members in excess of their individual debts, are insufficient to pay the partnership debts, must be dismissed.

In Bankruptcy.   Involuntary petition against William W. Griffith and another, trading as Griffith & Son.   On motion to dismiss the petition.   Motion sustained, unless the defects in the petition are cured by amendment.

Charles W. Cullen, of Georgetown, Del., and Wilbur L. Adams, of Wilmington, Del., for petitioning creditors.

Caleb S. Layton, of Wilmington, Del., and Daniel J. Layton, of Georgetown, Del., for alleged bankrupts.

MORRIS, District Judge.   An involuntary petition in bankruptcy was filed, praying that Griffith and Son, a partnership, but not its members, be adjudged bankrupt.   The act of bankruptcy charged is founded upon insolvency.   The partnership has moved that the petition be dismissed upon the ground that it is not therein alleged, either that the members of the partnership are insolvent or that the assets of the firm combined with the assets of the members in excess of their individual debts, are insufficient to pay the partnership debts.   The motion to dismiss must be sustained, upon the authority of Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706,

⬅️➡️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and 186 Fed. 481, 108 C. C. A. 459, and Vaccaro v. Security Bank of Memphis, 103 Fed. 436, 442, unless the defects in the petition be cured by amendment within 15 days after the date hereof. Western Union Telegraph Co. v. Atlanta & W. P. R. Co., 238 Fed. 36, 151 C. C. A. 112; General Order in Bankruptcy No. 37 (89 Fed. xiv, 32 C. C. A. xiv).