In re SOLOMON & CARVEL.

(District Court, E. D. New York. April 30, 1908.)

BANKRUPTCY—PARTNERSHIP—SOLVENT PARTNER.

 The fact that one of the members of a partnership is solvent is no defense to a proceeding in involuntary bankruptcy against the partnership and the remaining partner, under Bankr. Act, July 1, 1898, c. 541, § 5, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), and under subdivision "h" and General Order 8 (89 Fed. vi, 32 C. C. A. xi), in case an adjudication is made, the solvent partner may be required to file schedules, and may at his election administer the partnership property.

In Bankruptcy. Involuntary proceedings.

Samuel Meyers, for petitioning creditors.
Maurice M. Greenstein, for Solomon.

CHATFIELD, District Judge. The alleged bankrupts were partners, and this proceeding was brought against them individually and as composing a firm. The present bankruptcy statute recognizes a copartnership as an entity, to the extent that a petition in bankruptcy can be filed against the partnership, and the partnership or any of its members may be adjudicated bankrupts, while one or more of the partners individually may be entirely solvent. Section 5, subd. "h" (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]), recognizes the liability of solvent partners for firm debts, and provides for a method of administration, while General Order 8 (89 Fed. vi, 32 C. C. A. xi) provides for the filing of schedules on the part of such solvent partner.

In the present case one Solomon, after drawing out practically all of the money in the bank belonging to the partnership, which money was used by him to pay a debt in a manner which substantially created a preference, withdrew from the firm and left the city of New York. The remaining partner made an assignment, on behalf of the firm and of himself, of the partnership property and accounts. This assignment was not drawn nor filed in the manner required by the laws of the state of New York, and a short time afterward an involuntary petition in bankruptcy was filed and subpœnas served upon the alleged bankrupts. The partner, Solomon, filed an answer denying his insolvency, or the commission of any act of bankruptcy upon his part, and further denying that he was a partner at the time of the filing of the petition in bankruptcy, alleging that he had withdrawn from the firm, as before mentioned. It is needless to consider this last denial, as it is unnecessary to discuss the responsibility of a partner to the creditors of a firm, where no dissolution agreement is had, and where the partnership was general, as in this case.

The testimony taken has apparently been aimed at an estimation of the assets and liabilities of the firm, and not those of the individual partner, Solomon. So far as appears from the testimony, the affidavits, and exhibits in this case, the partner, Solomon, is solvent. The special commissioner has reported that the firm is insolvent,

and his report is borne out by the testimony, and should be confirmed.

.The firm and Carvel should be adjudicated bankrupts, if this has not been done before, and the partner, Solomon, should be required to file schedules as to his assets and liabilities, and as a solvent partner will be compelled to take care of the liabilities of the bankrupt firm, and may administer the estate under the bankruptcy law, if he so desires. The rights and duties of the parties are explained at length in the case of In re Bertenshaw (C. C. A.) 157 Fed. 363, 19 Am. Bankr. R. 577, and the cases therein cited.