### MENKE et al. v. SUNDERMAN et al.

(Circuit Court of Appeals, Third Circuit. March 7, 1911.)

No. 59 (1,422).

BANKRUPTCY (§ 149*)—PARTNERS—SALE OF INDIVIDUAL PROPERTY.

Where an act of bankruptcy charged against a firm involved insolvency of the firm and of both of its members, the individual property of the partners was drawn into the bankruptcy proceedings for administration, as provided by Bankr. Act July 1, 1898, c. 541, § 5, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424); and hence such individual property was subject to sale and use to satisfy firm creditors, subject to the rights of individual creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. § 149.*]

Petition for Review of Order of the District Court of the United States for the Western District of Pennsylvania.

In the matter of bankruptcy proceedings against Henry C. Menke & Co. On petition of William Sunderman, as trustee, etc., for an order directing the sale of the interest of Henry C. Menke in certain real

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

estate owned by him individually and as a tenant in common. An order was entered granting the petition, and Henry C. Menke and others were granted a petition to review. Affirmed.

McKee, Mitchell & Alter, for petitioners.

E. G. Hartje, W. K. Shiras, and C. C. Dickey, for respondents.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. Henry C. Menke and Anna M. Menke were partners, trading under the firm name of H. C. Menke & Co. The partnership was adjudged a bankrupt on a creditor's petition alleging, as the act of bankruptcy, that it had, while insolvent, permitted Marie M. Menke to obtain a preference through executions issued on confessed judgments and levies on the partnership property. There was no adjudication against either of the partners individually.

The referee, upon the petition of the trustees of the bankrupt partnership, made an order directing the trustee to sell, at public sale, the interest of Henry C. Menke in certain real estate which he and one Anna L. Roeder owned as tenants in common. The District Court affirmed the order of the referee, and the case now comes to us on a petition to revise, in matter of law, the order of the District Court.

The act of bankruptcy charged against the partnership involved insolvency of the partnership and both of its members. Consequently, under section 5 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]), as it is construed by this court in the opinion of Francis v. McNeal, Trustee, 186 Fed. 481, just filed, the individual properties of the partners are drawn into the bankruptcy proceeding for the purposes of administration. Of course, the rights of the creditors of the individual members of the partnership must be preserved. The order here complained of simply directs the trustee to make public sale of Henry C. Menke's individual half interest in the real estate referred to.

It appears that one of Marie M. Menke's judgments is against Henry C. Menke, Anna M. Menke, and Anna L. Roeder, and the other against the partnership and Henry C. Menke. The order affirmed by the District Court does not direct a sale free from either of the judgment liens. As the order stands, the sale must be subject to the liens. We make this statement to guard against any misunderstanding of the effect of our decision.

The order of the District Court will be affirmed, with costs.