### In re STEMPER et al.

(District Court, D. Arizona. April 12, 1915.)

No. B-41.

1. BANKRUPTCY ⟨⟩229—TRUSTEES—RETENTION OF ASSETS—CONTEMPT.

Where the referee disapproved the report of a trustee in bankruptcy as to the assets in his hands, because of the failure to include therein an amount retained by his attorney as compensation for services, and ordered the trustee to make demand on his attorney for the payment of the sum so retained, and the trustee obeyed such order and made such demand, but the demand was refused by the attorney, the trustee was not guilty of contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. ⟨⟩229.]

2. BANKRUPTCY ⟨⟩250—TRUSTEES—EMPLOYMENT OF ATTORNEYS—COMPENSATION—SUPERVISION BY COURT.

The attorney for a trustee in bankruptcy in a successful action on an insurance policy was bound to pay the amount recovered into the bankruptcy court, and submit his claim for compensation to that court, and could not retain compensation from the amount recovered, as any contract with him by the trustee was subject to the control of the bankruptcy court, and he could thereunder acquire no rights in or to the assets of the estate, which was not likewise subject to the court's control, and both the trustee and the attorney, as officers of the court engaged in the administration of a trust estate, were subject to control and supervision by the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 235, 350; Dec. Dig. ⟨⟩250.]

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of John Stemper and another, bankrupts. On review of an order of the referee. Ordered in accordance with the opinion.

F. C. Struckmeyer, of Phœnix, Ariz., for plaintiff.
Baker & Baker, of Phœnix, Ariz., for defendant.

SAWTELLE, District Judge. This matter comes before the court on a certificate of the referee. The material facts are as follows:

The bankrupts, at the time of their adjudication as bankrupts, had a policy of insurance on certain goods which had been destroyed by fire. The payment of this policy was resisted by the insurance company, and a suit to enforce the policy was brought by the trustee in bankruptcy in the state superior court. Judgment was rendered in favor of the trustee for $1,500, and this amount came into the possession of F. C. Struckmeyer, Esq., the attorney for the trustee.

Instead of turning over to the trustee the entire recovery, the attorney for the trustee retained the sum of $598.15, which amount was arrived at by claiming and retaining a fee of $500 in the suit on the policy, $50 for services rendered in the bankruptcy, in preparing schedules, notices, and other papers and attending various hearings before the referee, and the amount of $48.15 advancement and costs paid by the attorney. No order of the court or the referee was made fixing or authorizing these fees or expenses, nor was there any account or claim therefor duly submitted. The trustee in bankruptcy reported that he had assets of the estate in the sum of $901.05, and asked for a decree of a declaration of a dividend on that basis. The referee disapproved of this report and ordered the trustee to make demand on his attorney for the payment to him of the entire recovery in the suit on the policy, and the trustee, in obedience to the directions of the referee, made such demand on the attorney. This demand was refused by the attorney, and thereupon an order was made by the referee that the attorney pay over to the trustee the entire amount recovered and submit the matter of his compensation to the referee by proper petition. Failing to pay over this money, the attorney is cited to appear before the judge of this court and show cause why he should not be punished as for a contempt of court for his failure to obey the order of the referee. The trustee is likewise ordered to show cause why he should not be punished as for a contempt of court for his failure to compel the payment to him of the entire sum by his attorney.

The attorney appears and denies the right of the referee to make the order compelling him to pay over the entire recovery, and insists that his fee for services shall be fixed by the trustee and himself, and that the referee has no power to fix or reduce his fees.

[1] In regard to the trustee, it is sufficient to say that the record discloses no order of the referee which he has willfully disobeyed, but, on the contrary, shows that he did obey the order and demand the entire sum recovered by the attorney. It cannot be held, under these circumstances, that he has been guilty of contempt, and there need be no further citation to him.

[2] The right of the attorney to retain any part of a recovery as his fee, without any order of the court or the referee fixing and allowing the same and directing its payment, presents a question of more importance. The suit in question in the state court was by the trustee as such, and the recovery was undoubtedly assets of the bankrupt estate. The trustee had no personal title to these assets, and no power to create a lien on them for any purpose without the order of the referee or the court. They were assets which he was required to reduce to possession and distribute under the directions of the court or referee. Any contract which he might make in regard to these assets was subject to the control of the court, and no person could acquire by such contract with him any rights in or to such assets which were not likewise subject to the control of the court.

It is elemental law that an attorney, performing services for a trustee which he claims shall be paid out of the trust estate, must submit his claim, so far as it affects the assets of the trust estate, to the court, and that any payment to him by the trustee must be in accordance with an order of the court. A trustee may not agree with an attorney that the fee shall be so much without submitting the matter to the court, and the attorney is likewise without power to fix his compensation and retain it out of the trust assets which come into his possession. Both are officers of the court, engaged in the administration of a trust estate, and their actions and compensation are proper subjects of control and supervision by the court. It is true that a lien acquired by an attorney for a bankrupt by employment prior to bankruptcy will not be affected by subsequent bankruptcy, but that is not the case.

An order will be entered, directing F. C. Struckmeyer, the attorney for the trustee, to pay to the trustee the full amount of the recovery in the said superior court, to wit, the sum of $1,500, within five days from the service of the order, and that he submit his claim for services to the referee, for such order as may be proper under all the facts in this case.

No opinion is expressed, or intended to be expressed, as to the value of such services, or the proper amount to be allowed for the same.