ARMSTRONG v. FISHER et al.

(Circuit Court of Appeals, Eighth Circuit. May 19, 1915.)

No. 137.

*(Syllabus by the Court.)*

1. BANKRUPTCY ☞149—PARTNERSHIP—BANKRUPTCY COURT—JURISDICTION.
   Where a partnership composed of two members and one of the members are adjudicated bankrupt, and the other member is not so adjudicated, the bankruptcy court may draw to itself and administer the property of the latter to the extent necessary to pay the debts of the partnership.

   Section 5h of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 547, [Comp. St. 1913, § 9589]), is inapplicable to such a case. It is limited in its effect to cases in which the partnership is not adjudicated bankrupt and one or more, but not all, the members are so adjudicated.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. ☞149.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **BANKRUPTCY ⊜⟶28—PARTNERSHIP—SCHEDULE AND INVENTORY.**
    Under General Order No. VIII (89 Fed. vi, 32 C. C. A. xi), to the effect that where a partnership and one of its members has been, and the other member has not been, adjudged bankrupt, the latter is required to file a schedule of his debts and an inventory of his property within 10 days after the adjudication.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 27; Dec. Dig. ⊜⟶28.]

3. **BANKRUPTCY ⊜⟶28—PARTNERSHIP—SCHEDULE AND INVENTORY—ORDER TO FILE—VALIDITY.**
    The fact that, without complying with General Order No. XXIII (89 Fed. xi, 32 C. C. A. xxvi), the referee made an order on the unadjudicated member of a partnership, after it and the other member had been adjudicated bankrupt, to file the schedule of his debts and the inventory of his property on or before 19 days after the adjudication, is not fatal to the order of the court confirming such an order, because the unadjudicated member was required by the bankruptcy law and General Order No. VIII to make these filings within 10 days after that adjudication.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 27; Dec. Dig. ⊜⟶28.]

Petition to Revise Order of the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by T. E. Armstrong against Hugh T. Fisher, as trustee in bankruptcy, etc., and others, to revise and avoid an order of the District Court. Dismissed.

A. L. Quant, of Topeka, Kan. (W. S. McClintock, of Kansas City, Kan., on the brief), for petitioner.

T. M. Lillard, of Topeka, Kan., for trustee.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. George H. Fleischman and T. E. Armstrong were partners as Armstrong & Fleischman. Fleischman filed a petition in bankruptcy, and prayed therein that he, the partnership, and T. E. Armstrong individually, be adjudged bankrupts. T. E. Armstrong demurred to the petition against him individually, his demurrer was sustained, and the petition as to him individually was dismissed. He answered the petition as to the partnership, Fleischman demurred to his answer, that demurrer was sustained, and on April 15, 1913, the partnership and the individual, Fleischman, were adjudged bankrupt. On April 24, 1913, the referee, without notice to Armstrong and without hearing, ordered him to file with the referee within 10 days a list of his creditors and a schedule of his assets. On a petition of Armstrong to revise this order, the District Court affirmed it. Thereupon Armstrong filed a petition to revise and avoid this order of the court below, and his counsel now contend that this order is erroneous: First, because the referee gave no notice of the hearing of the question whether or not he should make this order, failed to have any hearing upon that question, and failed to recite in the order anything about the notice or hearing as required by General Order in Bankruptcy No. XXIII; and, second, because inasmuch as

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Armstrong never consented to the administration of the partnership property, or his individual property, in bankruptcy, the referee and the bankruptcy court had no jurisdiction to draw to itself and administer his individual property, and therefore no jurisdiction to require him to file a list of his creditors or a schedule of his assets.

[1] The second objection raises this question: May a court of bankruptcy which has adjudged a partnership, composed of two members, and one of its members, bankrupt, draw to itself and administer the property of the other member, and require him to file a list of his individual creditors and a schedule of his assets? There was a time when this question was debatable. Vaccaro v. Security Bank, 103 Fed. 436, 442, 43 C. C. A. 279, 285; In re Bertenshaw, 157 Fed. 363, 373, 377, 85 C. C. A. 61, 71, 75, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986. But it is so no longer. The Supreme Court of the United States has decided that the provision of section 5h of the Bankruptcy Law (Act July 1, 1898, chap. 541, 30 Stat. 547 [U. S. Comp. Stat. 1913, § 9589, p. 4367]), that "in the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt," which counsel for the petitioner invoke, is inapplicable to a case of this character, is limited in its effect to those cases in which one or more but not all of the partners have been, and the partnership has not been, adjudged bankrupt, and that, even if such a case as that in hand were governed by section 5h, the failure of the petitioner to object to the administration of the partnership property in bankruptcy and himself to settle the partnership business, would estop him from successfully claiming that his individual estate could not be drawn into and administered by the bankruptcy court. Francis v. McNeal, 228 U. S. 695, 700, 701, 33 Sup. Ct. 701, 57 L. Ed. 1029.

[2] As the individual property of the petitioner was subject to administration and application by the court of bankruptcy so far as necessary in order to pay in full the partnership debts he was required by General Order in Bankruptcy No. VIII (89 Fed. vi, 32 C. C. A. xi) to file a schedule of his debts and an inventory of his property within 10 days after his adjudication in bankruptcy. In re Solomon & Carvel (D. C.) 163 Fed. 140; In re Junck & Balthazard (D. C.) 169 Fed. 481; Dickas v. Barnes, 140 Fed. 849, 851, 72 C. C. A. 261, 263, 5 L. R. A. (N. S.) 654.

[3] Conceding that in issuing, without notice to the petitioner or a hearing, its order on him on April 24, 1913, to file a list of his creditors and the inventory of his assets within 10 days thereafter the referee failed to comply with the provisions of General Order in Bankruptcy No. XXIII (89 Fed. xi, 32 C. C. A. xxvi), nevertheless, this mistake is not fatal to the decree of the court below affirming that order, because the only effect of the order of the referee was to require the petitioner to make his filings by May 4, 1913, when section 7 of the Bankruptcy Law and General Order No. VIII required him to make them on or before April 25, 1913, and error without prejudice is no ground for reversal.

The petition to revise must be dismissed; and it is so ordered.