## CARTER v. WHISLER.

### In re FLAHERTY et al.

(Circuit Court of Appeals, Eighth Circuit.   October 7, 1921.)

Nos. 210 and 5744.

1. **Bankruptcy ☞440—Order held not subject to appeal.**
   The order in this case is not appealable, under Bankruptcy Act, § 25a (Comp. St. § 9609).

2. **Bankruptcy ☞100(1)—Adjudication not specifying particular act of bankruptcy not completely conclusive.**
   Where an involuntary petition against a partner alleged three different acts of bankruptcy, but the order of the adjudication did not show upon which one it was made, the order was not res judicata as to any particular act against another partner, in ancillary proceedings in another district.

3. **Bankruptcy ☞149—Trustee vested with partnership property, wherever situated.**
   On involuntary proceedings served on a partner, trustee in bankruptcy became vested by the adjudication with the title to the bankrupt's property, wherever situated in the United States, and with title to the property of the individual partners, as well as the firm property, notwithstanding some members were not adjudicated bankrupt.

4. **Bankruptcy ☞293(1)—Court may seek other court out of jurisdiction.**
   While the federal District Court could not act outside of its territorial jurisdiction, it might seek the aid of any court of bankruptcy beyond its territorial limits.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Bankruptcy ⊙⇒136(1)—Partner not served held subject to jurisdiction in ancillary proceedings in other district, but entitled to be heard as to partnership and acts of bankruptcy.**

Where a federal District Court in Montana, having jurisdiction of a partnership and its assets by service on a partner in involuntary bankruptcy proceedings, authorized the trustee to institute ancillary proceedings in a federal District Court in Iowa, an alleged partner there, not served in the proceedings in Montana, might be subjected to the jurisdiction of the court in such ancillary proceedings, but with the right to be heard as to partnership and acts of bankruptcy before schedule of assets was required.

On Petition to Revise and Appeal from the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

In the matter of the alleged bankruptcy of George L. Flaherty and Clara R. Carter as copartners. Ancillary proceedings by Frederick D. Whisler, trustee in bankruptcy, in which he asked for an order that Clara R. Carter be required to file schedule with referee. Order to show cause on objection to the jurisdiction was sustained, and the petition of the trustee denied, and on the order of the District Court, vacating the order of the referee deciding that petitioner must appear (265 Fed. 741), she appeals and petitions to revise. Remanded, with instructions.

Denis M. Kelleher, of Ft. Dodge, Iowa (Clarence M. Hanson, Richard F. Mitchell, M. F. Healy, Seth Thomas, and Thomas M. Healy, all of Ft. Dodge, Iowa, on the brief), for appellant and petitioner.

Charles A. Russell, of Missoula, Mont., and Robert J. Healy (Charles N. Madeen, of Missoula, Mont., and M. J. Breen, of Ft. Dodge, Iowa, on the brief, and Russell, Madeen & Barron, of Missoula, Mont., and Healy & Breen, of counsel), for appellee and respondent.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. [1] This case is before us on petition to revise and on appeal. The order sought to be revised in matter of law was made in a bankruptcy proceeding, and no appeal is allowed from such an order. Section 25a, 30 Stat. 553 (Comp. St. § 9609); Henkin v. Fousek (C. C. A.) 267 Fed. 557, and cases cited. No. 5744 is therefore dismissed.

The record on the petition to revise shows that on or about August 28, 1917, three creditors filed in the District Court of the United States for the District of Montana an involuntary petition in bankruptcy against George L. Flaherty, of Missoula, Mont., and Clara R. Carter, of Ft. Dodge, Iowa, as copartners doing business under the firm name and style of George L. Flaherty. The petition alleged that the firm had had its principal place of business at said Missoula for the greater portion of the six months next preceding the date of the filing of the petition, that the firm was insolvent and owed debts to the amount of $1,000, and contained other allegations showing that petitioners were duly qualified to file the same. The petition set forth the indebtedness

of the several creditors and how the same arose; that while insolvent, and within four months prior to the filing of the petition, the copartnership had transferred to Strauss & Strauss, of Newark, N. J., a part of its goods, wares, and merchandise, of the value of $175 and upwards, in satisfaction of a debt then and theretofore owing by the alleged bankrupt to said Strauss & Strauss; that said transfer was made with intent to prefer said creditor over the other creditors of the alleged bankrupt. Another transfer of property of the value of $187.50 to Eisenstadt Manufacturing Company, of St. Louis, Mo., was alleged to have been made under similar circumstances and for a like purpose. It was also alleged that the copartnership within four months next preceding the date of the filing of the petition had committed an act of bankruptcy, in that within said time it admitted in writing its inability to pay its debts and its willingness to be adjudged a bankrupt upon that ground.

The petition was duly verified, and a subpœna, directed to George L. Flaherty and Clara R. Carter as copartners doing business under the firm name and style of George L. Flaherty, was issued on said petition. Personal service of the subpœna, as shown by the return of the marshal, was made upon the firm by handing to and leaving a true and correct copy thereof with George L. Flaherty. On September 26, upon the petition so filed, the firm composed of George L. Flaherty and Clara R. Carter, as copartners under the firm name and style of George L. Flaherty, was adjudged a bankrupt. The case was referred to a referee. After said adjudication George L. Flaherty individually filed his voluntary petition in bankruptcy in the court aforesaid, and pursuant to said petition he was on the 18th of January, 1918, adjudged a bankrupt. Subsequent to the adjudication of the partnership as a bankrupt, it duly filed schedules of assets and liabilities. George L. Flaherty individually made and filed schedules of his assets and liabilities, which disclosed that Flaherty had no property of his own, other than that belonging to the partnership, and that he owed debts individually to the amount of $3,920. Frederick D. Whisler was appointed a trustee in bankruptcy of the estate of the partnership. The firm assets were sold by authority of the court in Montana for the sum of $7,710.15. The indebtedness of the firm, as allowed by said court, amounted in the aggregate to $22,-135.34.

The court in Montana authorized the trustee to institute ancillary proceedings in the District Court of the United States for the Northern District of Iowa. Upon application of the trustee said court ordered that ancillary proceedings and matters arising in connection therewith be referred to C. A. Bryant, Esq., at Ft. Dodge, Iowa, a referee in bankruptcy, to take such action and make such orders as might be proper in the premises. Subsequently the trustee filed a petition with the referee in bankruptcy in Iowa, setting out the proceedings had in Montana, and praying for an order that petitioner be required to file with the referee a complete and itemized schedule as required by law of her assets and liabilities as a member of the firm of George L. Flaherty. A show cause order was issued, and on the return day petitioner filed what is called in the record a "plea in abatement and to

the jurisdiction." The plea was sustained by the referee, and the prayer of the petition of the trustee denied. The trustee thereupon had the case certified to the United States District Court for review. The District Court, after due consideration of the matter, vacated the order of the referee, and decided that petitioner must appear before the referee and submit to an examination by the trustee or his counsel as to her alleged copartnership with George L. Flaherty and her business transactions with him, upon the application of the trustee therefor, if such an application should be made. The order last mentioned is the one that we are asked to revise.

[2] There was no service of process in the bankruptcy proceeding in Montana upon petitioner. On this record, what are her rights with reference to said proceeding? The allegations of the involuntary petition gave the United States District Court in Montana jurisdiction over the subject-matter. Personal service of subpœna upon Flaherty, one of the alleged partners, gave the court jurisdiction of all the partners, and of the administration of the partnership and individual property. Section 5, subd. (c), 30 Stat. 547, 548 (Comp. St. § 9589). The District Court in Montana therefore had jurisdiction to adjudge the firm of George L. Flaherty a bankrupt, and in order to do this it had authority to determine the existence of the matters necessary to warrant such an adjudication. The involuntary petition, however, in bankruptcy, alleged three different acts of bankruptcy; but the order of adjudication did not show upon which one the adjudication was made. In such a case the order of adjudication is not res judicata of either as against petitioner. In re Letson, 157 Fed. 78, 84 C. C. A. 582; In re Julius Bros., 217 Fed. 3, 133 C. C. A. 328, L. R. A. 1915C, 89.

[3] The trustee in bankruptcy by the adjudication became vested with the title to the bankrupt's property, wherever situated in the United States. In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316 (8th Circuit); Ward v. Hargett, 151 N. C. 365, 66 S. E. 340; Koger v. Clark (Tex. Civ. App.) 216 S. W. 434. The adjudication of the firm a bankrupt vested in the trustee title to the property of the individual partners, as well as the firm property, notwithstanding the fact that some members of the firm were not adjudicated bankrupt. Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, affirming 186 Fed. 481, 108 C. C. A. 459; Menke v. Sunderman, 186 Fed. 486, 108 C. C. A. 464; Abbott v. Anderson, 265 Ill. 285, 106 N. E. 782, L. R. A. 1915F, 668, Ann. Cas. 1916A, 741; New Orleans Acid, etc., Co. v. Guillory, 117 La. 821, 42 South. 329; In re Latimer, (D. C.) 174 Fed. 824; Vaccaro v. Security Bank of Memphis, 103 Fed. 436, 43 C. C. A. 279; In re Samuels (D. C.) 207 Fed. 195.

[4] The District Court in Montana could not act outside of its territorial jurisdiction, but might ask the aid of any court of bankruptcy beyond its territorial limits. Babbitt, Trustee, v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Elkus, Petitioner, In re Madison Steel Co., 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407; Francis v. McNeal, supra; Armstrong v. Fisher, 224 Fed. 97, 139 C. C. A. 653; Armstrong v. Norris, 247 Fed. 253, 159 C. C. A. 347.

The petitioner has never been heard upon the question of whether

she was ever a member of the firm of George L. Flaherty. She is also entitled to contest the alleged acts of bankruptcy, and as to these acts she is entitled to a jury trial under section 19a, 30 Stat. 551 (Comp. St. § 9603), if she demands one. The petition to revise is granted in part as follows:

(1) The petitioner, before she is required to schedule firm or individual assets, is entitled to be heard upon the question as to whether she was ever a member of the firm of George L. Flaherty of Missoula, Mont.

(2) She is also entitled to be heard as to the existence of the alleged acts of bankruptcy mentioned in the involuntary petition, and upon this question she is entitled to a trial by jury under section 19 supra. If these issues are found against her, she will then be required to schedule any firm or individual assets in her possession in the manner provided by law for the purpose of ascertaining whether she has any property liable for the satisfaction of the debts of the firm.

The case will be remanded, with instructions to the District Court to proceed therein, not inconsistent with the views herein expressed.