## BEAR v. LIBERTY NAT. BANK OF ROANOKE, VA.

### In re BECKER et al.

(Circuit Court of Appeals, Fourth Circuit. December 21, 1922.)

No. 2016.

1. Bankruptcy ⊕⟶100(1)—Adjudication of partnership is an adjudication of the individual partners.

Under Bankruptcy Act, § 5, subsec. (c) to (g) being Comp. St. § 9589, contemplating the administration of both partnership and individual estates, except as provided in subsection (h), in the event of one or more, but not all, of the members of a partnership being adjudged bankrupt, and in view of the impossibility of the firm being bankrupt while one or more of the partners is solvent, since the partners are each individually liable for the firm debts, an adjudication of bankruptcy against a partnership is an adjudication against each of the partners.

2. Bankruptcy ⊕⟶440—Rejection of claim of lien on bankrupt property is reviewable only on appeal.

The issue of the allowance or rejection of claim of lien on the bankrupt property is reviewable in the Circuit Court of Appeals only by appeal, and not by petition to superintend and revise.

Appeal from the District Court of the United States for the Western District of Virginia, at Roanoke, in Bankruptcy; Henry Clay McDowell, Judge.

In the matter of the estate of W. L. Becker and another, partners trading as W. L. Becker & Co. and as the Roanoke Provision Company. On claim by the Liberty National Bank of Roanoke, Va., to establish a lien on the real estate of the individual partners, opposed by James A. Bear, as trustee in bankruptcy. From an order allowing the lien claimed, the trustee appeals. Reversed.

See, also, 285 Fed. 706.

James A. Bear, of Roanoke, Va., and Harvey B. Apperson, of Salem, Va. (Hall, Wingfield & Apperson, of Roanoke, Va., on the brief), for appellant.

James D. Johnston, of Roanoke, Va., for appellee.

Before WOODS and WADDILL, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. The vital question to be decided is whether the adjudication in bankruptcy of an insolvent partnership carries into bankruptcy the members of the partnership as individuals. On August 6, 1920, an involuntary petition in bankruptcy was filed against W. L. Becker and W. L. Becker, Jr., partners trading as W. L. Becker & Co. and also as the Roanoke Provision Company, alleging that

---

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the partnership was insolvent and that it had executed, on August 4, 1920, a general deed of assignment to a trustee for the benefit of cred-. itors. On August 7 the members of the partnership filed their answer, admitting the allegations of the petition and waiving process. On August 20, 1920, the partnership was adjudged bankrupt. On August 30, 1920, in pursuance of an order of the referee, the partnership filed schedules of its assets and liabilities, and W. L. Becker and W. L. Becker, Jr., filed schedules of their individual assets and liabilities. Two offers of composition were made, but the objections thereto were sustained by the District Court.

On April 27, 1921, W. L. Becker and W. L. Becker, Jr., filed their voluntary petitions in bankruptcy as individuals, and on April 28, 1921, were adjudged bankrupts. On May 16, 1921, James A. Bear was elected trustee for the partnership and both individuals. The Liberty National Bank of Roanoke, in a formal proof of debt in the bankruptcy proceedings of the individuals, claimed a lien on the real estate of the individual partners by virtue of a judgment for $5,666.05 and interest and costs, recovered July 31, 1920, against the partnership, Roanoke Provision Company and W. L. Becker and W. L. Becker, Jr., as individuals. This judgment was based on a note made by W. L. Becker and the Roanoke Provision Company indorsed by W. L. Becker and W. L. Becker, Jr. Partnership assets will not be sufficient to pay partnership debts, and individual assets will not be sufficient to pay individual debts, including indorsements of the individuals on partnership notes.

[1] It will be observed that the judgment was recovered less than four months before the petition upon which the adjudication of the firm as a bankrupt was made, but more than four months before the petition upon which the individuals were formally adjudicated. It is on this ground alone that the Liberty National Bank asserts the validity of the lien of the judgment. The concrete question then is whether the lien of the judgment on individual real estate was displaced by the bankruptcy of the partnership, which occurred less than four months after the date of the lien; and that depends on whether the adjudication of the bankruptcy of the partnership was necessarily an adjudication of the several individuals composing it.

A judgment against the partnership binds its members as individuals, and is a lien on the real estate of the individuals composing it. Before the bankruptcy statute (Comp. St. §§ 9585–9656), a proceeding instituted in the court of equity to marshal the assets of a partnership on the ground of insolvency required the marshaling of the individual assets and proof of all claims, both partnership and individual. It is impossible for a partnership to be insolvent when the partners individually or any one of them is solvent, because every partner is individually liable for all the debts of a partnership. A proceeding in equity to marshal assets of a partnership would necessarily be dismissed upon a showing that the complaining creditor could collect his debt in an action at law from one of the partners. Under a creditor's bill in a court of equity against a partnership, every creditor of the partnership has the right to prove his claim against the individual members of the firm

and have it paid from the individual assets, if there be a sufficient surplus over the individual liabilities. Pomeroy, Eq. Juris. (4th Ed.) §§ 2371, 2372.

In Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, the court, while recognizing the separate entity of the partnership for some purposes, principally for the application of partnership assets to partnership debts, held the individual affairs of a partner, who had not as an individual been adjudged bankrupt, should be administered in the bankruptcy proceedings of the partnership. The court said subsections (c), (d), (e), (f), and (g) of section 5 contemplated administration of both partnership and individual estates, except, as provided in subsection (h), "in the event of one or more but not all of the members of a partnership being adjudged bankrupt."

Recognizing that insolvency of the partnership connotes insolvency of every member of it, in section 5 from (c) to (g) the statute provides, in case of partnership bankruptcy, for administration of the individual property of the partners as well as the partnership property, and proof and adjustment of individual as well as partnership debts. But since insolvency of the individual partner does not connote insolvency of the partnership, the statute provides that bankruptcy of one or more, but not all of, the partners shall not result in the administration of the partnership affairs in the bankruptcy court.

In discussing 5h in connection with the other clauses of the section, the court in the case cited uses this pregnant language:

"But we do not perceive that the clause imports that the partnership could be in bankruptcy, and the partners not."

Enforcing this construction the court continues:

"On the other hand, it would be an anomaly to allow proceedings in bankruptcy against joint debtors from some of whom, at any time before, pending, or after the proceeding, the debt could be collected in full. If such proceedings were allowed it would be a further anomaly not to distribute all the partnership assets. Yet the individual estate after paying private debts is part of those assets so far as needed. Section 5f. Finally, it would be a third incongruity to grant a discharge in such a case from the debt considered as joint, but to leave the same persons liable for it considered as several."

There are other practical reasons for holding the bankruptcy of the partnership to carry with it the bankruptcy of the individual partners. Since individual debts and individual property, as well as partnership debts and partnership property must be brought into the partnership bankruptcy and the equities of the creditors adjusted, there is nothing left for a separate petition and adjudication of the individuals to act upon. It cannot be that the bankruptcy of the partnership carries the partners into the proceeding with their assets and liabilities for the purpose of proving debts, adjusting equities, preventing preferences generally, and distributing to creditors the individual as well as partnership assets, and yet does not carry them in for the two other main purposes of the bankruptcy statute, namely, protecting creditors against the preference of liens acquired within four months of bankruptcy, and discharging the debtor from his debts.

On principle and the reasoning and conclusion of the court in Fran-

cis v. McNeal, we see no escape from the holding that the adjudication of the partnership carries with it all the individuals of the partnership. This conclusion is supported, also, by the reasoning in Vaccaro v. Security Bank, 103 Fed. 436, 43 C. C. A. 279; Euclid National Bank v. Union Trust & Deposit Co., 149 Fed. 975, 79 C. C. A. 285; Francis v. McNeal, 186 Fed. 481, 108 C. C. A. 459; Menke v. Sunderman, 186 Fed. 486, 108 C. C. A. 464; Carter v. Whisler (C. C. A.) 275 Fed. 743, 746; Abbott v. Anderson, 265 Ill. 285, 106 N. E. 782, L. R. A. 1915F, 668, Ann. Cas. 1916A, 741.

We conclude that an adjudication of the partnership was necessarily an adjudication of the bankruptcy of the individuals composing it, and that in the case presented the lien of a judgment obtained within four months of the filing of the petition against the partnership was lost by the adjudication. The insolvency of the partnership at the date of the judgment seems to have been assumed in the court below. At any rate, no issue of solvency or insolvency at the date of the judgment appears to have been made. We express no opinion as to the existence of such insolvency or its effect.

[2] The issue of the allowance or rejection of a claim of a lien on the bankrupt property is reviewable in this court only by appeal, and therefore is decided in this proceeding. In the Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008.

Reversed.