## In re SUGAR VALLEY GIN CO.

(District Court, N. D. Georgia, N. W. D. September 17, 1923.)

No. 1434.

1. **Bankruptcy ⬅69—Partnership may be adjudicated bankrupt, though partners are not; "person."**

Under Bankruptcy Act, §§ 1 (19), 3b, 4a, and 5a (Comp. St. §§ 9585 [19], 9587 [b], 9588 [a], and 9589 [a]), a partnership is a "person," and may be separately adjudicated a bankrupt, though the partners are not.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

2. **Bankruptcy ⬅28—On adjudication of partnership, partners, though not adjudicated bankrupt, must file schedules.**

Under Bankruptcy Act, § 5c (Comp. St. § 9589 [c]), and general order No. 8 (89 Fed. vi, 32 C. C. A. vi), where a partnership is adjudicated a bankrupt, but individual partners are not, such partners must file schedules of their property and debts, that the excess of their property over their debts, which is an asset of the partnership, may be reached and administered in such manner as may be necessary.

In Bankruptcy. In the matter of the Sugar Valley Gin Company, bankrupt. On review of order of referee. Affirmed.

M. B. Eubanks, of Rome, Ga., for bankrupt.

F. K. McCutchen, of Dalton, Ga., and G. E. Maddox, of Rome, Ga., for objectors.

SIBLEY, District Judge. On the petition of one of twenty-two alleged partners, the "Sugar Valley Gin Company only" was adjudged bankrupt. Seven of the alleged partners denied that they were partners; the others, being chiefly engaged in the tillage of the soil, objected to individual bankruptcy, but made no resistance to the adjudication of the partnership. The case was referred generally to the referee, including the issue as to the partnership of the seven. The referee, presumably finding the partnership property to be insufficient to pay the partnership debts, has, after hearing, ordered each admitted partner to file schedules of his individual debts and assets. This order is under review. The contentions are that it is contrary to law because, first, the adjudication of the partnership alone was unlawful; or, second, if lawful, the individual partners not having been adjudicated, the court is without authority over them and their individual affairs.

[1] 1. The partnership, with its peculiar debts and property, is, by the Bankruptcy Act (Comp. St. §§ 9585–9656), made a "person" for the purposes of adjudication—sections 1 (19), 3b, 4a, and 4b—and expressly declared subject to bankruptcy in section 5a. That for this purpose it is a separate entity from each partner, and may be separately put in bankruptcy when no partner is, is recognized in Francis v. McNeal, 228 U. S. 695, at top of page 701, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, and held in Re Meyer, 98 Fed. 976, 39 C. C. A. 368, Diskas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654, and Francis v. McNeal, 186 Fed. 481, 108 C. C. A. 459. The adjudication of the partnership only was therefore valid.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

[2] 2. As a consequence thereof the court must deal fully with the partnership debts and in a proper case discharge them. To this end it must obtain and administer all the property which is liable to pay them. The excess of the property of each partner over his individual debts is an asset of the partnership, in determining its solvency. Vaccaro v. Security Bank of Memphis, 103 Fed. 436, 43 C. C. A. 279, approved in Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. The court has the duty to make it available, and the power is expressly granted in section 5c of the act. The means to be pursued are indicated in General Order 8 (89 Fed. vi, 32 C. C. A. vi) and are those followed here. The cases approving this course are to be followed (Arnstrong v. Fisher, 224 Fed. 97, 139 C. C. A. 653), rather than those to the contrary, such as In re Bertenshaw, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986. This does not mean that the individual partners are to be dealt with in all respects as if themselves bankrupts, but means only that they, being the components of the bankrupt partnership, are fully under the control of the court as parties, and that they, being fully liable for the partnership debts, are under duty to present to the court and to make available the excess of individual property over individual debts, which excess is an asset of the partnership. The disclosure required in filing individual schedules is both proper and necessary. If the situation disclosed is simple and satisfactory, it may be that the excess value to the benefit of which the partnership creditors are entitled may be satisfied in cash..

It may be that the machinery of the act for valuing securities could be applied to set apart sufficient property for the individual debts to satisfy them, the bankruptcy court administering the remainder, or, to obtain exact results in a case where uncertainties and complications require it, the entire individual property may be administered. Even this would not mean that the individual partner was in bankruptcy. His individual debts would not be discharged, except as they were paid in full. Unless by some miscalculation or accident they would be paid in full, for if he were individually insolvent the partnership would have had no interest and the court no reason to administer. Moreover, dispositions of property to individual creditors, which would have been voidable preferences if the individual were in bankruptcy, would be respected, so far as valid under state statutes and not to the prejudice of firm creditors. The administration to the individual creditors, in other words, would not be an administration in bankruptcy, but a marshaling under general equity principles for the purpose of ascertaining and securing that which is to be administered in bankruptcy. This accords to the individual and his individual creditors the fullest benefit of his exemption from bankruptcy which is consistent with his membership in the bankrupt partnership.

The order of the referee is affirmed.