## In re FLAHERTY et al.

### Petition of RUSSELL & MADEEN.

(District Court, D. Montana. January 29, 1924.)

No. 992.

1. **Bankruptcy ⬮219—Court is guardian of estate as trust.**
Of estates in bankruptcy, as of other trusts in chancery, the court is a special guardian, obligated to their solicitous supervision, and responsible for their just administration.

2. **Bankruptcy ⬮482(1)—Attorneys not entitled to withhold money of the estate.**
Counsel are not authorized to settle their own accounts for services and withhold moneys of the estate.

3. **Bankruptcy ⬮482(1)—Compensation of counsel for services determined.**
Compensation to which counsel were entitled for services rendered in ancillary proceedings in another state determined.

In Bankruptcy. In the matter of George L. Flaherty and another, bankrupts. On petition of Russell & Madeen for review of order of referee. Modified and affirmed.

Mulroney & Mulroney and Russell & Madeen, all of Missoula, Mont., for petitioners.

Ralph L. Arnold, of Missoula, Mont., for trustee.

BOURQUIN, District Judge. Petitioners ask review of the referee's order in the matter of compensation to themselves and Healy & Breen as attorneys in a particular service for the trustee. The evidence is that in August, 1917, involuntary bankruptcy proceedings were brought herein against the firm of Flaherty & Carter, Madeen, and others, attorneys for the petitioning creditors. Flaherty resided in Montana, and Carter in Iowa. For some undisclosed reason, no service of process was made on Carter, and only the firm was adjudicated bankrupt.

In administration, the allowed claims were $22,000, and the assets realized $7,700. Dividends of 23 per cent. were paid, and $1,800 remained in the estate. Russell & Madeen were attorneys for the trustee, and presumably were compensated for general services to him and to petitioning creditors. At this juncture they circularized the creditors and secured sanction to pursue Carter in Iowa. The trustee agreed to pay costs and expenses. Accordingly proceedings were had in Iowa, reported in (D. C.) 265 Fed. 741, and (C. C. A.) 275 Fed. 743, resulting in settlement for $4,060.

Therein Russell visited Iowa to institute the proceedings, employed Healy & Breen, who participated throughout, again visited Iowa to take part in the argument upon review of the referee's adverse order, visited St. Paul for like purpose in the appellate court, upon revision of the District Court's favorable order, and again visited Iowa to participate in a contemplated jury trial of the matter, but which was obviated by the settlement. In the interval Russell also visited Great Falls to take

a deposition, and Butte to secure certified copies from the office of the clerk of this court. Of Russell's expenses and the costs, the trustee supplied to him $741, and creditors supplied $175. The trustee paid Russell & Madeen $350 for fees in these Iowa proceedings, and paid Healy & Breen $100.

Russell did not deliver the fruits of the settlement to the trustee, but rendered an account, and with it transmitted to the trustee a check for $1,901.96. Thus the amount received and withheld by Russell to compensate the services of his firm and Healy & Breen in the Iowa proceedings was $2,433, and the trustee realized a net $711. The trustee objected, and the referee decided that reasonable compensation for attorney's services was $1,571.65. Hence this review.

There is considerable testimony anent the attainments and experience of petitioners, the abstruse law involved, petitioners' arduous and exhausting study and labor, the time devoted to the proceedings, and the value of the services. Attorneys, like all who render service, are entitled to reasonable and fair compensation, each case dependent upon its particular facts.

In bankruptcy, as in any matter of trust, the court will protect counsel in their compensation, even as it will guard the interests of creditors or other beneficiaries. Allowances for or to counsel must be reasonable and fair compensation for services reasonably necessary and with professional diligence performed, guaged by usual standards, and not to be exaggerated by any concept that funds in court or trusts afford opportunities for the extravagance or more or less unearned enrichment of trustees or counsel.

[1] Of estates in bankruptcy, as of other trusts in chancery, the court is a special guardian, obligated to their solicitous supervision, and responsible for their just administration. The court has a "paramount duty to see that trusts are properly executed." May v. May, 167 U. S. 320, 17 Sup. Ct. 824, 42 L. Ed. 179. Always it is for trustees and counsel to justify their expenditures and claims for compensation, or they will be rejected by the court. Not alone the trustee and referee in bankruptcy proceedings must be satisfied, but also the court, which has final scrutiny and determination. See Watkins v. Sedberry, 261 U. S. 575, 43 Sup. Ct. 411, 67 L. Ed. 802.

[2] Incidentally, counsel are not authorized to settle their own accounts and withhold moneys of the estate. The trustee upon his bond is charged with custody and administration of all the estate's property, and the court protects counsel in compensation. See In re Stemper (D. C.) 222 Fed. 690. Of course, the irregularity herein does not deprive trustee and referee of commissions on the full amount of the settlement.

[3] It is observed in passing that, had counsel in reasonable diligence procured service of process upon Carter in the beginning, the Iowa proceedings would have been unnecessary, or reduced to formality. But, aside from that, it is difficult to justify the time, travel, expense, and numerous counsel devoted to the Iowa proceedings. The reports aforesaid of said proceedings indicate that the facts were without serious dispute, and the law was reasonably settled and clear. Long

since, the Bankruptcy Act had made ancillary proceedings matter of right, and no reason is advanced or perceived why these could not have been instituted without counsel's visit to Iowa for that purpose. The mail would have lodged them in the clerk's office, or Healy & Breen could have, as well as Russell did. In any case, the reference to the referee follows as matter of course.

If Healy & Breen were to be employed throughout, it is not improbable that they alone could have argued the proceedings in court, even as they conducted them before the referee. Or since Russell went thither for the arguments, perhaps Healy & Breen could have been released. However, always much must be left to the discretion and good faith of trustees and the counsel on whom they must largely rely.

If thus they deem certain methods, service, and expenditures reasonably necessary and advisable, and if therein does not appear culpable negligence and abuse, allowances in that behalf ought to be made by the court. So here, counsel's methods and expenditures, unquestioned and allowed by creditors, trustee, and referee, the court's power to yet disapprove and disallow will not be exercised, albeit reluctantly.

Coming to compensation for counsel, these Iowa proceedings, which by diligence might have been avoided as aforesaid, were a joint adventure of trustee and counsel, wherein the former hazarded the moneys of the estate, and the latter only part of their time, part having been paid in any event. The gross recovery was $4,060. Counsel's expenditures were 23 per cent. of this, and of the net they received and withheld for compensation 77 per cent.

This was grossly excessive and the referee properly reduced it, but not sufficiently. In view of the premises, and taking into account all that rightly enters into the determination, it is believed and found by the court that $1,048 are the utmost that can be adjudged reasonable and fair compensation for all counsel in the Iowa proceedings. Although extravagance in time, money, and travel may not require disapproval of consequent expenditures, it does not follow that it warrants compensation in due proportion or kind. Likewise, in respect to counsel unduly multiplied.

The result is that the additional amount by petitioners to be paid to the trustee is $1,385.04. Thus modified, the referee's order is affirmed.